[L. A. No. 26594.   In Bank.   Mar. 26, 1962.]

ALEX G. VARGAS et al., Plaintiffs and Appellants, v.
C. F. HAMPSON, Defendant and Respondent.

A. L. Wirin and Richard J. Kamins for Plaintiffs and Appellants.

Stanley Mosk, Attorney General, Howard H. Jewel, Assistant Attorney General, Dent N. Hand, Jr., Deputy Attorney General, David B. Finkel, Richard H. Floum, Rudolph Pacht, Ephraim Margolin, Richard J. Archer, Spurgeon Avakian, Robert Baca, Lester Bise, Frank F. Chuman, Marvin J. Colangelo, G. Blandin Colburn, Jr., William C. Dixon, Basil Feinberg, Dan Hammack, Bruce Hochman, Jack Levine, Abe F. Levy, Lloyd E. McMurray, Loren Miller, Anthony V. Randles, Gerald L. Rosen, Irving S. Rosenblatt, Jr., Marshall Ross, John E. Thorne and David Ziskind as Amici Curiae on behalf of Plaintiffs and Appellants.

Dennin & Poitevin and William W. Dennin for Defendant and Respondent.

GIBSON, C. J.—Plaintiffs, relying on the Unruh Civil Rights Act (Civ. Code, §§ 51 and 52), brought an action for injunctive relief. General and special demurrers to the complaint were sustained with leave to amend. Plaintiffs failed to amend and are appealing from the judgment of dismissal.

The allegations of the complaint may be summarized as follows: Plaintiffs, husband and wife, are of Mexican ancestry and are citizens of the United States. The action is brought in their behalf and as a class action in behalf of all persons discriminated against because of such ancestry. Defendant, a real estate broker, was engaged in that capacity in connection with the sale of real property in a tract development.

Plaintiffs desired to purchase a home in the tract, made a cash deposit with defendant, and at his request signed a purchase and sale agreement. Later defendant returned the deposit to plaintiffs and told them that the house and lot would not be sold to them. Defendant "refused to sell" the property to plaintiffs for the sole reason they are of Mexican ancestry, and his refusal was "pursuant to, and in accordance with," his policy as a real estate broker not "to sell" real property to persons of Mexican ancestry. Defendant in the course of his business threatened to, and unless enjoined will, refuse to sell real property to plaintiffs and others solely because of their Mexican ancestry. Plaintiffs pray that defendant be enjoined from refusing to sell real property to them and others similarly situated solely because of their race or ancestry.

We held in *Burks* v. *Poppy Construction Co., ante,* p. 463 [20 Cal.Rptr. 609, 370 P.2d 313], that the Unruh Act is valid, that it applies to real estate transactions, that a person aggrieved by a violation of the act is entitled to injunctive relief, and that he may bring an action for such relief on behalf of all persons similarly situated. In *Lee* v. *O'Hara, ante,* p. 476 [20 Cal.Rptr. 617, 370 P.2d 321], we held that the act applies to real estate brokers.

The complaint states a cause of action against defendant for violation of the act, and it would have been error to sustain a demurrer without leave to amend.

The special demurrer was based in part upon the ground that the complaint was uncertain, ambiguous, and unintelligible in that it could not be ascertained whether plaintiffs are "complaining of defendant's actions solely as they relate to the conducting of his own business or whether they are complaining of defendant's actions as the agent of third parties." In response to questions by the trial court with respect to an interpretation of the pleading, the attorney for plaintiffs took the position that if defendant acted upon instructions from his principal in telling plaintiffs that the property would not be sold to them, defendant was nevertheless guilty of a violation of the statute. In some circumstances, of course, both a broker and an owner may be guilty of discrimination, but a broker who in good faith does all within his power to serve a member of a racial minority is not liable if the broker's failure to complete the transaction is due solely to the owner's refusal to sell because of the buyer's race or color.

■ Defendant accepted a cash deposit from plaintiffs and had them sign a purchase and sale agreement. Later he returned the deposit and told plaintiffs the house and lot would not be sold to them. It thus appears that defendant rendered some services to plaintiffs. The allegation that defendant "refused to sell" to plaintiffs can be interpreted as charging him only with a failure to complete the transaction by entering into a contract of sale, and there is no averment that he had the authority to do so. Although the words "refused to sell" can also be interpreted as meaning "refused to render services," the complaint does not specify a failure by defendant to render any service within his power as a broker, such as transmitting the offer of plaintiffs to the owner, and it may have been the owner who refused to consummate the sale. The allegation that the refusal was "pursuant to, and in accordance with," defendant's policy of refusing "to sell" to persons because of their Mexican ancestry does not necessarily show that the refusal involved here was caused by that policy, and in any event clarification was appropriate since this allegation was in conflict with the facts, as alleged, that defendant did render services to plaintiffs notwithstanding their Mexican ancestry.

The judgment is affirmed.

Traynor, J., Schauer, J., McComb, J., Peters, J., White, J., and Dooling, J., concurred.