[Civ. No. 21646. First Dist., Div. Three. July 16, 1965.]

RUSSELL R. CROWELL et al., Plaintiffs and Appellants, v. RAYMOND SIDNEY ISAACS, Defendant and Respondent.

*Assigned by the Chairman of the Judicial Council.

Milton Nason and Samuel Tennenbaum for Plaintiffs and Appellants.

Miller, Starr & Regalia and Harry D. Miller for Defendants and Respondents.

DRAPER, P. J.—General demurrer to all four counts of the complaint was sustained without leave to amend, and judgment was entered. Plaintiffs appeal, but assert error only as to counts 1 and 2.

The first count seeks recovery under the Unruh Civil Rights Act (Civ. Code, §§ 51, 52) for discrimination in the sale of plaintiffs' house. Plaintiffs are husband and wife. Both are Caucasians. They executed an agreement granting defendant the exclusive right to sell the house. The agreement, set out in the complaint, makes no reference to race of purchasers. Plaintiffs allege, however, that they are "ready, able and willing to sell . . . to a qualified buyer of any race, religion or creed and intended that said property would be offered for sale to the general public regardless of race, religion or creed, but that [defendant] had no intention of offering said property to the general public regardless of race, religion or creed and has failed to seek out qualified Negro buyers or to permit advertising inviting buyers of all races to purchase the property."

Judgment was entered before the adoption in 1964 of section 26 of article I of the Constitution of California, and no issue of the validity or applicability of that provision is raised by either party.

The code sections upon which plaintiffs rely do apply to one engaged in the business of selling real estate, whether as an owner (*Burks* v. *Poppy Constr. Co.*, 57 Cal.2d 463 [20 Cal.Rptr. 609, 370 P.2d 313]) or broker (*Lee* v. *O'Hara*, 57 Cal.2d 476 [20 Cal.Rptr. 617, 370 P.2d 321]) and are to be liberally construed (*Lambert* v. *Mandel's of California*, 156 Cal.App.2d Supp. 855, 856 [319 P.2d 469]).

But it is the "denial" of equal rights or "discrimination, distinction or restriction" on account of color or race which is made actionable (Civ. Code, § 52). Denial or discrimination is essential. The complaint here alleges only a failure affirmatively to "seek out" Negro buyers, and to advertise affirmatively that "buyers of all races" are invited to purchase. These allegations, standing alone, do not show denial or discrimination (see 13 Hastings L. J., 120, 130). We can conceive of circumstances in which mere quiescent inaction could amount to discrimination. For example, failure to show a home to Negro purchasers seeking property of the same style and price range could warrant the inference of discrimination. But no special circumstance is here alleged.

In general, an offer or attempt to sell does not become discriminatory merely because it omits a disclaimer of discrimination.

More important, plaintiffs have not shown that they are persons entitled to a remedy under the Civil Rights Act. One who violates the act is liable for damages "suffered by any person denied the rights" granted by section 51. That is the right to "full and equal" facilities and privileges of defendant's business establishment, regardless of race, color or creed. The statute protects those so discriminated against. So far as we can find, all appellate decisions concerning this statute arose in actions brought by persons discriminated against on these grounds. It is not necessary to determine here whether one discriminated against merely because he, in turn, had refused to discriminate—as by a sort of secondary boycott—would have actionable rights under this section. These Caucasian plaintiffs allege nothing to show discrimination against them. Yet they assert only their individual rights. They do not purport to sue on behalf of a class. Thus we need not determine whether such a representative action would be proper, although we do note that the Attorney General may bring such an action in behalf of the people (*Don Wilson Builders* v. *Superior Court*, 220 Cal.App.2d 77 [33 Cal.Rptr. 621]).

By their first count, plaintiffs seek for themselves alone a remedy created by statute. They are not persons to whom the statute extends the remedy. Thus they have stated no cause of action.

■ The second count, however, is for breach of contract. By the pleaded agreement, defendant undertook to "use diligence in procuring a purchaser." Plaintiffs allege that defendant breached this agreement "by refusing to advertise and offer the . . . property to members of the general public regardless of race, religion or creed and by reason of said breach plaintiffs have suffered damages." We need not determine whether this allegation is vulnerable to special demurrer. Only a general demurrer was filed. The allegation is susceptible of the construction that defendant has failed to reach a market otherwise available for plaintiffs' property, and that his efforts therefore amount to less than due diligence, and that plaintiffs have suffered thereby.

Judgment affirmed as to counts 1, 3 and 4, and reversed as to count 2. Appeal from order sustaining demurrer dismissed. Each party shall bear his own costs on appeal.

Salsman, J., and Devine, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied September 8, 1965. McComb, J., was of the opinion that the petition should be granted.