[Civ. No. 37030. First Dist., Div. One. Sept. 20, 1976.]

ROY WINCHELL et al., Plaintiffs and Appellants, v.
FREDERICK ENGLISH et al., Defendants and Respondents.

**COUNSEL**

Eitzen, Schaub & Diehl and Victor T. Schaub for Plaintiffs and Appellants.

Philip M. Schafer for Defendants and Respondents.

## OPINION

**ELKINGTON, J.**—The appeal is from a judgment dismissing with prejudice the complaint of plaintiffs Winchell, following an order sustaining a demurrer with leave to amend and plaintiffs' failure to so amend.

It concerns Civil Code section 51, the so-called Unruh Civil Rights Act, and its related statute, Civil Code section 52. (Hereafter both sections, unless otherwise indicated, will be referred to as the Act.)

The Act, as in effect at the pertinent times,* provided:

"This section shall be known, and may be cited, as the Unruh Civil Rights Act. [¶] All persons within the jurisdiction of this state are free and equal, and no matter what their race, color, religion, ancestry, or national origin are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever. [¶] This section shall not be construed to confer any right or privilege on a person which is conditioned or limited by law or which is applicable alike to persons of every color, race, religion, ancestry, or national origin." (Civ. Code, § 51.)

"Whoever denies, or who aids, or incites such denial, or whoever makes any discrimination, distinction or restriction on account of color, race, religion, ancestry, or national origin, contrary to the provisions of Section 51 of this code, is liable for each and every such offense for the actual damages, and two hundred fifty dollars ($250) in addition thereto, suffered by any person denied the rights provided in Section 51 of this code." (Civ. Code, § 52.)

The parties concede, at least for the purpose of this appeal, that the complaint alleged the following: Defendants, operators of a mobile home court, who had given plaintiffs, members of the white race and their tenants of a mobile home space, permission to subrent to others, discriminated against plaintiffs when, and because, they subrented the space to, and associated with, persons of the black race.

---

*In 1974 the Act was amended to add the word "sex" wherever the expression "color, race, religion, ancestry, or national origin" appeared.

■ The only issue of the appeal is whether discrimination by a business establishment, against persons on account of their association with others of the black race, is actionable under the Act.

We are thus confronted with an issue of statutory interpretation.

■ The Act is to be given a liberal, and not a strict, construction with a view to effect its object and to promote justice. (Civ. Code, § 4; *Orloff* v. *Los Angeles Turf Club* (1947) 30 Cal.2d 110, 113 [180 P.2d 321, 171 A.L.R. 913]; *Crowell* v. *Isaacs* (1965) 235 Cal.App.2d 755, 757 [45 Cal.Rptr. 566]; *Lambert* v. *Mandel's of California* (1957) 156 Cal.App.2d Supp. 855, 856 [319 P.2d 469].)

As with all statutes, it must be construed in the light of the legislative purpose and design. In enforcing the command of a statute both the policy expressed in its terms, and the object implicit in its history and background, should be recognized. (*Clean Air Constituency* v. *California State Air Resources Bd.* (1974) 11 Cal.3d 801, 813-814 [114 Cal.Rptr. 577, 523 P.2d 617]; *People* v. *Navarro* (1972) 7 Cal.3d 248, 273 [102 Cal.Rptr. 137, 497 P.2d 481]; *Alford* v. *Pierno* (1972) 27 Cal.App.3d 682, 688 [104 Cal.Rptr. 110].)

■ Statutes such as the Act are declaratory of the state's public policy against racial discrimination whether it be private action, or public action, which is involved. (*James* v. *Marinship Corp.* (1944) 25 Cal.2d 721, 740 [155 P.2d 329, 160 A.L.R. 900].) "Discrimination on the basis of race or color is contrary to the public policy of the United States and of this state. Although the anti-discrimination provisions of the federal Constitution relate to state rather than private action, they nevertheless evidence a definite national policy against discrimination." (*Burks* v. *Poppy Construction Co.* (1962) 57 Cal.2d 463, 471 [20 Cal.Rptr. 609, 370 P.2d 313].)

We look to the language of the Act.

Civil Code section 51 provides, as relevant, that "All persons . . . are entitled to . . . full and equal . . . privileges . . . in all business establishments . . . ." Civil Code section 52 states, in pertinent part, that "Whoever . . . makes any discrimination . . . on account of . . . color . . . contrary to the provisions of Section 51 . . . is liable [for damages] suffered by any person denied the rights provided in Section 51 . . . ."

We point out that section 52 refers, not only to discrimination on account of the color of the person discriminated against, but also to any discrimination on account of color. The distinction has often been recognized by cases holding that statutes with language similar to section 52 are not limited in their operation to the color (or other feature) of the person who is the immediate object of the discrimination. (See *McGill* v. *830 S. Michigan Hotel* (1966) 68 Ill.App.2d 351 [216 N.E.2d 273]; *Offner* v. *Shell's City, Inc.* (5th Cir. 1967) 376 F.2d 574; *Williamson* v. *Hampton Management Company* (1972) 339 F.Supp. 1146; *Walker* v. *Pointer* (1969) 304 F.Supp. 56 [6 A.L.R.Fed. 959]; and see Note 35 A.L.R.3d 859, 861-865.)

 It is thus manifested by section 51 that all persons are entitled to the full and equal privilege of associating with others in any business establishment. And section 52, liberally interpreted, makes clear that discrimination by such a business establishment against one's right of association on account of the associates' color, is violative of the Act. It follows, responding to the appeal's only issue, that discrimination by a business establishment against persons on account of their association with others of the black race is actionable under the Act.

That this is the law of California is manifested by the holding of *In re Cox* (1970) 3 Cal.3d 205 [90 Cal.Rptr. 24, 474 P.2d 992]. There Cox entered a business establishment intending to make a purchase, and then proceeded to talk to a friend "who wore long hair and dressed in an unconventional manner." Apparently because of the friend's appearance, both men were asked to leave and, refusing to do so, they were arrested and charged with violating a municipal ordinance proscribing one's remaining "upon private property and business premises after being notified by the person in charge thereof to remove therefrom." Although there was no issue of "race, color, religion, ancestry, or national origin" (see §§ 51, 52), Cox appears to have been discriminated against because he associated with another of unusual dress and appearance, something not *expressly* covered by the Act.

Because of the factual uncertainty of the case, the *In re Cox* court withheld from Cox the desired relief. But it nevertheless discussed the related law at length, holding: "The nature of the 1959 amendments [to the Act], the past judicial interpretation of the act, and the history of legislative action that extended the statutes' scope, indicate that identification of particular bases of discrimination—color, race, religion, an-

cestry, and national origin—added by the 1959 amendment, is illustrative rather than restrictive. (Stats. 1959, ch. 1866, p. 4424, § 1.) *Although the legislation has been invoked primarily by persons alleging discrimination on racial grounds, its language and its history compel the conclusion that the Legislature intended to prohibit all arbitrary discrimination by business establishments.*" (3 Cal.3d, p. 216; italics added.)

It seems proper to point out that the discrimination of this case, as in *In re Cox,* was *arbitrary,* and based solely upon the subject's association with others. We, of course, have not considered situations where the subject, or his associates, gave cause for eviction or other action by the business establishment or law enforcement authorities.

The judgment is reversed.

Molinari, P. J., and Sims, J., concurred.