Opinion
BERNSTEIN, P. J.
In this case we must determine whether homosexuals as tenants in rental housing are included in the provisions of the Unruh Civil Rights Act (Civil Code, §§51, 52). We hold they are.
*Supp. 3 The facts are not in dispute. They show the following: Appellant William Hubert is a quadriplegic and requires a 24-hour attendant. He leased an apartment from respondent and hired as his attendant appellant Cindy Kelly, a lesbian. Appellants were subsequently evicted from the apartment by respondent. Hubert and Kelly then filed suit against respondent, alleging they had been evicted from respondent’s rental housing because Cindy Kelly was a lesbian and William R. Hubert associated with persons of a homosexual orientation. Respondent’s demurrer was sustained by the trial court. The court concluded that appellants’ allegations did not state a cause of action under the Unruh Civil Rights Act (Unruh Act). Appellants refused to amend their complaint and the case was dismissed. This appeal followed.
The Unruh Civil Rights Act provides: “All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, or national origin are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.
“This section shall not be construed to confer any right or privilege on a person which is conditioned or limited by law or which is applicable alike to persons of every sex, color, race, religion, ancestry, or national origin.” (Civ. Code, § 51).
In Marina Point, Ltd. v. Wolfson (1982) 30 Cal.3d 721 [180 Cal.Rptr. 496, 640 P.2d 115], the California Supreme Court held that under the Unruh Act landlords may not refuse to rent an apartment to a family solely because the family includes minor children. We find the discussion in Wolfson to be fully dispositive of the issue presented by the instant case, Accordingly, we hold that under the Unruh Act, landlords may not refuse to rent an apartment to a homosexual solely because of that person’s sexual preference. In the Wolfson decision, the Unruh Act was held to prohibit all forms of arbitrary discrimination by business establishments (30 Cal.3d at pp. 736-737). The term “business establishment” has been uniformly construed as including rental housing. (Wolfson, supra, at p. 731; Burks v. Poppy Construction Co. (1962) 57 Cal.2d 463, 467-471 [20 Cal.Rptr. 609, 370 P.2d 313].) The Supreme Court’s decisions, including Wolf-son, hold that members of a particular class may not be discriminated against because of their status as members of that class. However, an exclusion is not prohibited by the Unruh Act if it is reasonably based *Supp. 4 upon the individual conduct of the person so excluded (30 Cal.3d at p. 737).
We read the Wolf son opinion as clearly indicating homosexuals, as a class, are protected from arbitrary discrimination. Our reading is based upon several passages in which it is either stated or strongly indicated that homosexuals are covered by the Unruh Act.[1]
In In re Cox (1970) 3 Cal.3d 205 [90 Cal.Rptr. 24, 474 P.2d 992], the California Supreme Court stated that “in Stoumen v. Reilly . . ., we recognized the right of homosexuals to obtain food and drink in a bar and restaurant: ‘Members of the public of lawful age have a right to patronize a public restaurant and bar so long as they are acting properly and are not committing illegal and immoral acts; the proprietor has no right to exclude or eject a person “except for good cause,” and if he does so without good cause he is liable in damages. (See Civ. Code, §§ 51, 52.)’ [Citation omitted.] Thus, in Stoumen and Orlojf this court clearly established that the (Unruh) Civil Rights Act prohibited all arbitrary discrimination in public accommodations.” (Id., at pp. 213-214.)
*Supp. 5 In Stoumen v. Reilly, supra, 37 Cal.2d 713, the California Supreme Court stated, although the statement is dictum in the case, that a proprietor of a public restaurant and bar would be liable for damages under Civil Code sections 51 and 52 if he excluded a homosexual based upon that status alone. (Id., at p. 716.)
When arbitrary discrimination is prohibited by a statute, homosexuals have been held to be included in the groups protected by such statutes. In Gay Law Students Assn. v. Pacific Tel. & Tel. Co. (1979) 24 Cal.3d 458, 475-478 [156 Cal.Rptr. 14, 595 P.2d 592], the court held that section 453, subdivision (a) of the Public Utilities Code, which had been construed to ban arbitrary discrimination by a public utility in any respect, prohibited arbitrary employment discrimination against homosexuals, although homosexuals were not specified in the statutory language.
Based upon the foregoing, we hold homosexuals to be a class protected by the Unruh Act. Based upon the record before us and the nature of the facilities involved, we find no compelling societal interest which could justify an exclusion based upon class status as homosexual (see Marina Point, Ltd. v. Wolfson, supra, at p. 743).
Because homosexuals are protected from arbitrary discrimination in rental housing by the Unruh Act, the right to associate with members of the protected class, as a class, is likewise protected under the act (see Winchell v. English (1976) 62 Cal.App.3d 125, 129 [133 Cal.Rptr. 20]; see In re Cox, supra).
In his appellate brief, respondent refers to various factual allegations which are not for consideration at this time. In reviewing a demurrer the facts pleaded are regarded as correct. (Biggers v. Sacramento City Unified School District (1972) 25 Cal.App.3d 269, 271 [101 Cal.Rptr. 706].) The determination of whether there was a reasonable basis for the eviction based upon the actual conduct of the tenants to be evicted is a matter to be decided at the trial. Our concern is confined to the issue of whether the complaint is demurrable on the stated grounds and we hold it is not.
The order of the trial court sustaining defendant’s demurrer to plaintiffs’ complaint and dismissing the action is reversed. The case is *Supp. 6 remanded to the trial court with directions to allow plaintiffs to proceed on their complaint as pleaded. Plaintiffs are to recover costs on appeal.
Foster, J., and Jones, J., concurred.

 These passages are as follows: Referring to its prior decision in In re Cox (1970) 3 Cal.3d 205 [90 Cal.Rptr. 24, 474 P.2d 992], the court noted that Cox’s holding that the Unruh Act included all arbitrary discrimination and was not limited to the classes specified in the statute, was based upon “the fact that prior judicial decisions construing the predecessors of the Unruh Act had clearly held that the statutory protections were not limited to discrimination based on race, religion, or national origin but also barred, for example, the exclusion of homosexuals from a public bar or restaurant (Stoumen v. Reilly (1951) 37 Cal.2d 713, 716 ...) .. . .” (Marina Point, Ltd. v. Wolf-son, supra, 30 Cal.3d at p. 733.)
In discussing the Unruh Act the court stated, “in Stoumen we held that any such class generalization did not afford a proper basis for exclusion of all homosexuals; instead, we emphasized that ‘[mjembers of the public... have a right to patronize a public restaurant and bar so long as they are acting properly and are not committing illegal or immoral acts ....”’ (Id., at p. 739.)
The court further stated: “As our decisions in Cox, Orlojf and Stoumen teach, although entrepreneurs unquestionably possess broad authority to protect their enterprises from improper and disruptive behavior, under the Unruh Act entrepreneurs must generally exercise this legitimate interest directly by excluding those persons who are in fact disruptive. Entrepreneurs cannot pursue a broad status-based exclusionary policy that operates to deprive innocent individuals of the services of the business enterprise to which section 51 grants ‘all persons’ access.” (Id., at p. 740.) The court observed that “an entrepreneur may find it economically advantageous to exclude all homosexuals, or alternatively all nonhomosexuals, from his restaurant or hotel, but such a ‘rational’ economic motive would not, of course, validate the practice. (See Stoumen v. Reilly, supra, 37 Cal.2d 713.)” (30 Cal.3d at p. 741, fn. 9.)