[No. B002051. Second Dist., Div. Four. Mar. 20, 1984.]

ZANDRA ROLON et al., Plaintiffs and Appellants, v.
WALTER KULWITZKY et al., Defendants and Respondents.

COUNSEL

Allred, Maroko, Goldberg & Ribakoff, Linda Wieder and Gloria Allred for Plaintiffs and Appellants.

Gold & Joyce, Arnold Barry Gold, Stephen M. Joyce and Renee Mochkatel for Defendants and Respondents.

OPINION

**KINGSLEY, J.**—Plaintiffs appeal from an order denying a preliminary injunction in an action for unlawful discrimination. We reverse.

Plaintiffs, two lesbian women, were refused service in a semiprivate booth at a restaurant owned and operated by defendant. They were offered service at a table in the main dining room of the restaurant.

It is admitted that the restaurant had, and has, a policy of allowing seating in these booths only by two people of opposite sex; two men, or a couple with children, were not served in the booths.

Section 51 of the Civil Code provides as follows: "This section shall be known, and may be cited, as the Unruh Civil Rights Act.

"All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, or national origin are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

"This section shall not be construed to confer any right or privilege on a person which is conditioned or limited by law or which is applicable alike to persons of every sex, color, race, religion, ancestry, or national origin."

Chapter IV, article 12, of the Los Angeles Municipal Code does apply to discrimination between hetero and homosexuals. Subdivision 4 of section 49.71 of that article provides: "Sexual Orientation. As used in this ordinance, the term 'sexual orientation' shall mean an individual having or manifesting an emotional or physical attachment to another consenting adult person or persons, or having or manifesting a preference for such attachment, or having or projecting a self-image not associated with one's biological maleness or one's biological femaleness."

Subdivision 1 of subsection (a) of section 49.74 provides: "Business Practices Generally. It shall be an unlawful business practice for any person to deny any individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of any business establishment on the basis (in whole and in part) of such individual's sexual orientation."

Several cases have considered and decided the extent of section 51 and of municipal ordinances dealing with discrimination. We glean from those cases:[1] (1) that the listing of discriminations in section 51 is not exclusive; and (2) that the common law rules relating to the obligation of a business devoted to public service not to discriminate in providing service remains an enforceable duty apart from the prohibition in section 51. While we recognize that the last paragraph of section 51 could be construed, as the trial court construed it, to limit the effect of section 51 to cases involving only discriminations based on sexual differences (or on color, race, religion,

---

[1]*Marina Point, Ltd.* v. *Wolfson* (1982) 30 Cal.3d 721 [180 Cal.Rptr. 496, 640 P.2d 115]; *In re Cox* (1970) 3 Cal.3d 205 [90 Cal.Rptr. 24, 474 P.2d 992]; *Curran* v. *Mount Diablo Council of the Boy Scouts* (1983) 147 Cal.App.3d 712 [195 Cal.Rptr. 325]; *Hubert* v. *Williams* (1982) 133 Cal.App.3d Supp. 1 [184 Cal.Rptr. 161]; *Stoumen* v. *Reilly* (1951) 37 Cal.2d 713 [234 P.2d 969]; *San Jose Country Club Apartments* v. *County of Santa Clara* (1982) 137 Cal.App.3d 948 [187 Cal.Rptr. 493].

ancestry or national origin), subdivision (e) of section 52 of the Civil Code, which sets out the sanctions for a violation of section 51, expressly provides: "Actions under this section shall be independent of any other remedies or procedures that may be available to an aggrieved party."

Since plaintiffs here do not seek to invoke the sanctions of section 52, we need not here decide whether the language in section 51 limits the imposition of section 52 sanctions.[2] ■ Clearly, under the cases and the quoted language from section 52, the sanction here sought is a legitimate sanction for the discrimination prohibited by the Los Angeles Code.

The authorities in the field do permit a proprietor to deny service to a person guilty of conduct unduly offensive to other patrons. But, as pointed out in *Marina Point, Ltd.* v. *Wolfson, supra,* 30 Cal.3d 721, 725: "As our prior decisions teach, the Unruh Act preserves the traditional broad authority of owners and proprietors of business establishments to adopt reasonable rules regulating the conduct of patrons or tenants; it imposes no inhibitions on an owner's right to exclude any individual who violates such rules. Under the act, however, an individual who has committed no such misconduct cannot be excluded solely because he falls within a class of persons whom the owner believes is more likely to engage in misconduct than some other group. Whether the exclusionary policy rests on the alleged undesirable propensities of those of a particular race, nationality, occupation, political affiliation, or age, in this context the Unruh Act protects individuals from such arbitrary discrimination."

Although the briefs suggest that the policy is intended to protect patrons from acts of "intimacy" between homosexuals, it clearly could have no such effect. (1) Plaintiffs could be seated, and be served, in the general part of the restaurant where their conduct was open to observation; the booths in question also were open to observation by any patron seated in the general part of the restaurant opposite the entrance to the booths. (2) The policy applied not only to homosexuals, but to families with children—a group not even suspect of improper "intimate" conduct.

Further, we are unable to conceive of any conduct that the restaurant could reasonably fear might offend the sensitivities of the most prudish patron. The kind of "intimate" conduct which the briefs seem to fear is not the kind of conduct that is undertaken in a public restaurant in a booth open to public (although partly obscured) view.

---

[2]We are here concerned only with the grant of an injunction. Whether, at trial, plaintiffs are entitled to any of the sanctions set forth in section 52 is not before us.

The order appealed from is reversed.

Woods, P. J., and McClosky, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied May 17, 1984. Bird, C. J., did not participate therein.