[Nos. A080439, A080767. First Dist., Div. Four. Feb. 17, 1999.]

ADAM LAZAR, Plaintiff and Appellant, v.
HERTZ CORPORATION et al., Defendants and Respondents.

1498

COUNSEL

Milberg, Weiss, Bershad, Hynes & Lerach, William S. Lerach, Alan M. Mansfield, William S. Dato, Frank J. Janecek, Jr., Sheri Pym; Bushnell, Caplan & Fielding and Alan M. Caplan for Plaintiff and Appellant.

Downey, Brand, Seymour & Rohwer, Steven P. Saxton, Teresa L. Zuber, Janlynn R. Fleener and Tracy K. Hunckler for Defendants and Respondents Hertz Corporation and Budget Rent a Car Corporation.

Heller, Ehrman, White & McAuliffe, Robert E. Borton and Thomas E. McKeever for Defendants and Respondents National Car Rental System, Inc., and Alamo Rent-A-Car, Inc.

OPINION

**REARDON, J.**—Adam Lazar filed a class action complaint for damages and injunctive relief against four rental car companies alleging that they refused to rent automobiles to persons under age 25 or unreasonably restricted such rentals. After all of the alleged causes of action were adjudicated against Lazar, the trial court entered judgment in favor of defendants. In these consolidated appeals, Lazar argues, inter alia, that the trial court erred (1) in finding that a refusal to rent to drivers under age 25 is permitted by section 1936 of the Civil Code[1] and (2) by finding the imposition of age-based surcharges on drivers under age 25 was not unreasonably high or unlawfully discriminatory as a matter of law. We affirm the judgment.

## I. FACTS

In May 1995, appellant Adam Lazar filed a class action complaint seeking damages and injunctive relief against the Hertz Corporation, Budget Rent a

---

[1] All statutory references are to the Civil Code unless otherwise indicated.

Car Corporation, National Car Rental Systems, Inc., and Alamo Rent-A-Car, Inc.[2] On his own behalf and on behalf of other persons ages 16 through 25, Lazar pled causes of action for age discrimination in violation of the Unruh Civil Rights Act (the Act); unlawful, fraudulent and unfair business practices; and unfair and fraudulent advertising. (See Bus. & Prof. Code, §§ 17200-17208, 17500-17509; Civ. Code, § 51.) He sought damages and an injunction prohibiting the car rental agencies from refusing to rent automobiles to licensed drivers under age 25. In May 1996, Lazar added a cause of action for false and misleading advertising.

In October 1996, the trial court sustained Hertz's demurrer to four of the seven causes of action without leave to amend. It overruled the demurrer on the other three causes of action—allegations of unfair business practices by Budget and Alamo against the general public and against Lazar and those drivers ages 16 to 25 who were charged a surcharge because of their age, as well as a cause of action for false and misleading advertising by all four companies.

In August 1997, Lazar moved for and obtained a dismissal without prejudice of two causes of action, leaving only the allegation of unfair business practices by Budget and Alamo against Lazar and those younger drivers who were charged a surcharge because of their age. The trial court granted the motion for summary adjudication filed by Budget and Alamo on the last cause of action.

## II. REFUSAL TO RENT

### A. *Standard of Review—Demurrer*

First, Lazar contends that the trial court erred in finding that Hertz's refusal to rent to drivers under age 25 is permitted by section 1936. This constitutes a challenge to the trial court's decision to sustain Hertz's demurrer to his first three causes of action without leave to amend. The parties disagree about the standard of review to be applied in this matter. ■ In every appeal, the threshold matter to be determined is the proper standard of review—the prism through which we view the issues presented to us. (See *Clothesrigger, Inc.* v. *GTE Corp.* (1987) 191 Cal.App.3d 605, 611 [236 Cal.Rptr. 605].)

■ "A demurrer tests the legal sufficiency of the complaint . . . ." (*Hernandez* v. *City of Pomona* (1996) 49 Cal.App.4th 1492, 1497 [57

---

[2]The respondents are the Hertz Corporation, Budget Rent a Car Corporation, National Car Rental Systems, Inc., and Alamo Rent-A-Car, Inc. For convenience, the opinion will refer to all four respondents as "Hertz."

Cal.Rptr.2d 406]; *Sargoy* v. *Resolution Trust Corp.* (1992) 8 Cal.App.4th 1039, 1041 [10 Cal.Rptr.2d 889].) On appeal from a dismissal after an order sustaining a demurrer, we review the order de novo, exercising our independent judgment about whether the complaint states a cause of action as a matter of law. (*Moore* v. *Regents of University of California* (1990) 51 Cal.3d 120, 125 [271 Cal.Rptr. 146, 793 P.2d 479], cert. den. 499 U.S. 936 [111 S.Ct. 1388, 113 L.Ed.2d 444]; *Desai* v. *Farmers Ins. Exchange* (1996) 47 Cal.App.4th 1110, 1115 [55 Cal.Rptr.2d 276].) We give the complaint a reasonable interpretation, reading it as a whole and viewing its parts in context. (*Blank* v. *Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58]; see *Aubry* v. *Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 966-967 [9 Cal.Rptr.2d 92, 831 P.2d 317].) We deem to be true all material facts properly pled. (*Serrano* v. *Priest* (1971) 5 Cal.3d 584, 591 [96 Cal.Rptr. 601, 487 P.2d 1241, 41 A.L.R.3d 1187], cert. den. 432 U.S. 907 [97 S.Ct. 2951, 53 L.Ed.2d 1079].) We must also accept as true those facts that may be implied or inferred from those expressly alleged. (*Marshall* v. *Gibson, Dunn & Crutcher* (1995) 37 Cal.App.4th 1397, 1403 [44 Cal.Rptr.2d 339].) If no liability exists as a matter of law, we must affirm that part of the judgment sustaining the demurrer. (See *Baughman* v. *State of California* (1995) 38 Cal.App.4th 182, 187 [45 Cal.Rptr.2d 82].)

While the decision to sustain or overrule a demurrer is a legal ruling subject to de novo review on appeal, the granting of leave to amend involves an exercise of the trial court's discretion. (*Hernandez* v. *City of Pomona, supra,* 49 Cal.App.4th at p. 1497; see *Moore* v. *Regents of University of California, supra,* 51 Cal.3d at p. 125; *Desai* v. *Farmers Ins. Exchange, supra,* 47 Cal.App.4th at p. 1115.) When the trial court sustains a demurrer without leave to amend, we must also consider whether the complaint might state a cause of action if a defect could reasonably be cured by amendment.[3] If the defect can be cured, then the judgment of dismissal must be reversed to allow the plaintiff an opportunity to do so. The plaintiff bears the burden of demonstrating a reasonable possibility to cure any defect by amendment. (*Hendy* v. *Losse* (1991) 54 Cal.3d 723, 742 [1 Cal.Rptr.2d 543, 819 P.2d 1]; *Blank* v. *Kirwan, supra,* 39 Cal.3d at p. 318; *Baughman* v. *State of California, supra,* 38 Cal.App.4th at p. 187.) A trial court abuses its discretion if it sustains a demurrer without leave to amend when the plaintiff shows a reasonable possibility to cure any defect by amendment. (*Aubry* v. *Tri-City Hospital Dist., supra,* 2 Cal.4th at p. 967; see Code Civ. Proc., § 472c.) If the plaintiff cannot show an abuse of discretion, the trial court's order sustaining the demurrer without leave to amend must be affirmed. (*Hernandez* v. *City of Pomona, supra,* at p. 1498.)

---

[3]In this matter, the trial court stated its belief that no amendment could cure the defect in the complaint, given the application of the statute.

## B. *The Act*

■ The trial court sustained without leave to amend Hertz's demurrer to Lazar's refusal to rent cause of action alleging a violation of the Act. (See § 51.) It concluded that section 1936 permitted vehicle rental companies to refuse to rent to drivers under age 25. On appeal, Lazar challenges this finding. ■ We independently construe statutory law, as its interpretation is a question of law on which we are not bound by the trial court's analysis. (*California Teachers Assn.* v. *San Diego Community College Dist.* (1981) 28 Cal.3d 692, 699 [170 Cal.Rptr. 817, 621 P.2d 856]; see *Baughman* v. *State of California, supra,* 38 Cal.App.4th at p. 187.)

■ The Act prohibits arbitrary discrimination by businesses on the basis of specified classifications such as age. (§ 51; see *Harris* v. *Capital Growth Investors XIV* (1991) 52 Cal.3d 1142, 1155 [278 Cal.Rptr. 614, 805 P.2d 873].) ■ The Act must be liberally construed to accomplish this purpose. (*Koire* v. *Metro Car Wash* (1985) 40 Cal.3d 24, 28 [219 Cal.Rptr. 133, 707 P.2d 195]; *Winchell* v. *English* (1976) 62 Cal.App.3d 125, 128 [133 Cal.Rptr. 20].) Despite this liberal construction, the California Supreme Court has determined that certain types of discrimination are reasonable and thus not arbitrary under the Act. (See *Koire* v. *Metro Car Wash, supra,* at p. 30.) Businesses retain the right under the Act to establish reasonable regulations that are rationally related to the services performed and facilities provided. (*Harris* v. *Capital Growth Investors XIV, supra,* at pp. 1148, 1153; *Marina Point, Ltd.* v. *Wolfson* (1982) 30 Cal.3d 721, 737 [180 Cal.Rptr. 496, 640 P.2d 115, 30 A.L.R.4th 1161], cert. den. 459 U.S. 858 [103 S.Ct. 129, 74 L.Ed.2d 111]; *In re Cox* (1970) 3 Cal.3d 205, 212, 217 [90 Cal.Rptr. 24, 474 P.2d 992]; see *Roth* v. *Rhodes* (1994) 25 Cal.App.4th 530, 539 [30 Cal.Rptr.2d 706].) For example, a landowner may require prospective tenants to meet certain income criteria as long as the policy is applied alike to all persons. (See, e.g., *Harris* v. *Capital Growth Investors XIV, supra,* at p. 1155.) Such business practices are not arbitrary, but constitute prudent business practice. The restriction is thus reasonably related to the operation of that business. (See *Wynn* v. *Monterey Club* (1980) 111 Cal.App.3d 789, 797 [168 Cal.Rptr. 878].)

The Act does not permit courts "to engage in complex economic regulation under the guise of judicial decisionmaking." (*Harris* v. *Capital Growth Investors XIV, supra,* 52 Cal.3d at p. 1168; *Wolfe* v. *State Farm Fire & Casualty Ins. Co.* (1996) 46 Cal.App.4th 554, 562-563 [53 Cal.Rptr.2d 878].) Appellate courts lack the power and the duty to determine the wisdom of economic policy. That is a matter for the Legislature alone. Judicial intervention in such economic issues is inappropriate. (*Wolfe* v. *State Farm Fire*

*& Casualty Ins. Co., supra,* at p. 562 [court declines to involve itself in Act case alleging economic issues]; see *Harris* v. *Capital Growth Investors XIV, supra,* at p. 1168, fn. 15; *Lazzareschi Inv. Co.* v. *San Francisco Fed. Sav. & Loan Assn.* (1971) 22 Cal.App.3d 303, 311 [99 Cal.Rptr. 417].) ▓▓ The California Supreme Court has determined that statutes permitting age-based discrimination do not necessarily violate the Act. (See *Schmidt* v. *Superior Court* (1989) 48 Cal.3d 370, 382-388 [256 Cal.Rptr. 750, 769 P.2d 932].) It is against this legal backdrop that we evaluate Lazar's first claim of error.

The Legislature regulates vehicle rental agreements. (See § 1936.) By state law, the term "authorized driver" for purposes of a vehicle rental agreement means "(A) the renter, (B) the renter's spouse if that person is a licensed driver and satisfies the rental company's minimum age requirement, (C) the renter's employer or coworker if they are engaged in business activity with the renter, are licensed drivers, and satisfy the rental company's minimum age requirement, and (D) any person expressly listed by the rental company on the renter's contract as an authorized driver." (§ 1936, subd. (a)(3).) ▓▓ If the words of a statute are reasonably free of ambiguity and uncertainty, we look no further than those words to determine the meaning of that language. (*Building Industry Assn.* v. *City of Camarillo* (1986) 41 Cal.3d 810, 819 [226 Cal.Rptr. 81, 718 P.2d 68].) ▓▓ Thus, the legislative scheme anticipates and expressly approves the adoption of minimum age requirements by car rental companies.

Undeterred by the lack of statutory language to support his claim, Lazar argues that we should read into it a requirement that the minimum age to rent a vehicle must be reasonable. When construing a statute, the Legislature admonishes us that a judge's duty is "simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, or to omit what has been inserted . . . ." (Code Civ. Proc., § 1858; see *McAlexander* v. *Siskiyou Joint Community College* (1990) 222 Cal.App.3d 768, 775 [272 Cal.Rptr. 70].) ▓▓ We may not speculate that the Legislature meant something other than what it said, nor may we rewrite a statute to make express an intention that did not find itself expressed in the language of that provision. (*McAlexander* v. *Siskiyou Joint Community College, supra,* at p. 775.) If there is no ambiguity about the meaning of the language, we must apply the provision according to its terms without further judicial construction. (*Kelly* v. *Yee* (1989) 213 Cal.App.3d 336, 340 [261 Cal.Rptr. 568]; see *Great Lakes Properties, Inc.* v. *City of El Segundo* (1977) 19 Cal.3d 152, 155 [137 Cal.Rptr. 154, 561 P.2d 244].) ▓▓ We find that the language of section 1936, subdivision (a)(3) is unambiguous and does not contain a reasonableness requirement in the setting of the minimum age to rent.

This conclusion is bolstered by several other maxims of statutory interpretation. First, although section 1936 uses the term "reasonable" in other contexts, it does not do so with reference to the age requirement. (Compare § 1936, subd. (a)(3) with *id.*, subd. (m)(2).) ■ In order to determine the intent of the Legislature, provisions should be read together. (*Building Industry Assn.* v. *City of Camarillo, supra,* 41 Cal.3d at pp. 818-819; *City and County of San Francisco* v. *Farrell* (1982) 32 Cal.3d 47, 54 [184 Cal.Rptr. 713, 648 P.2d 935]; *American Western Banker* v. *Price Waterhouse* (1993) 12 Cal.App.4th 39, 50 [14 Cal.Rptr.2d 916].) When a statute uses a particular term in one part and omits it in another, the omission typically signifies that the Legislature intended a different meaning. (*Campbell* v. *Zolin* (1995) 33 Cal.App.4th 489, 497 [39 Cal.Rptr.2d 348], cert. den. 516 U.S. 860 [116 S.Ct. 169, 133 L.Ed.2d 110]; *City of Dublin* v. *County of Alameda* (1993) 14 Cal.App.4th 264, 280 [17 Cal.Rptr.2d 845]; see *People* v. *Drake* (1977) 19 Cal.3d 749, 755 [139 Cal.Rptr. 720, 566 P.2d 622]; *People* v. *Turner* (1993) 15 Cal.App.4th 1690, 1698 [19 Cal.Rptr.2d 736].) ■ The omission of the term "reasonable" thus appears to indicate an intent not to impose a reasonableness requirement in the minimum age provision.

Second, a more recent provision is typically more persuasive than an older one. (See *Schmidt* v. *Superior Court, supra,* 48 Cal.3d at p. 383; *Schmidt* v. *Southern Cal. Rapid Transit Dist.* (1993) 14 Cal.App.4th 23, 27 [17 Cal.Rptr.2d 340].) Section 1936 was enacted in 1988. (See Stats. 1988, ch. 1523, § 1, pp. 5417-5423.) Section 51 dates from 1905 and has been known as the Act since 1959. (See Stats. 1905, ch. 413, § 1, p. 553; Stats. 1959, ch. 1866, § 1, p. 4424.) Thus, section 1936 would prevail over section 51, if the language of those provisions were found to be in conflict.

Third, we give effect to a specific statute relating to a particular subject in preference to a general statute. (See *Schmidt* v. *Superior Court, supra,* 48 Cal.3d at p. 383; *Agricultural Labor Relations Bd.* v. *Superior Court* (1976) 16 Cal.3d 392, 420 [128 Cal.Rptr. 183, 546 P.2d 687]; *Gomes* v. *County of Mendocino* (1995) 37 Cal.App.4th 977, 988 [44 Cal.Rptr.2d 93]; *Schmidt* v. *Southern Cal. Rapid Transit Dist., supra,* 14 Cal.App.4th at p. 27.) The legislative regulation of vehicle rental agreements is more specific than the general antidiscrimination provisions of the Act. (Compare § 51 with § 1936.) It is also significant that the Act specifically provides that it must not be construed to confer any right or privilege on a person which is otherwise conditioned or limited by law. (§ 51.) Hence, that provision anticipates that if there is a conflict between its provisions and those of another statute, the former defers to the latter. For all these reasons, we are confident that section 1936 bars an Act claim of age discrimination on the basis of a refusal to rent vehicles to persons under age 25. Thus, the trial

court properly sustained Hertz's demurrer without leave to amend on this cause of action. (See *Baughman* v. *State of California, supra,* 38 Cal.App.4th at p. 187 [order sustaining demurrer must be affirmed if no liability exists as matter of law]; see also *Hernandez* v. *City of Pomona, supra,* 49 Cal.App.4th at p. 1498 [no abuse of discretion to deny leave to amend when defect cannot be cured].)

C. *Unfair Competition*

 The trial court also sustained Hertz's demurrer without leave to amend to Lazar's two causes of action alleging refusal to rent in violation of California's unfair competition law (UCL). (See Bus. & Prof. Code, §§ 17200-17209.) It concluded that section 1936 permitted vehicle rental companies to refuse to rent to drivers under age 25. On appeal, Lazar challenges this conclusion.

 The UCL defines unfair competition as any unlawful, unfair or fraudulent business practice and any unfair, deceptive, untrue or misleading advertising. (Bus. & Prof. Code, § 17200; *Stop Youth Addiction, Inc.* v. *Lucky Stores, Inc.* (1998) 17 Cal.4th 553, 560 [71 Cal.Rptr.2d 731, 950 P.2d 1086].) In effect, the UCL borrows violations of other laws—such as the state's antidiscrimination laws—and makes those unlawful practices actionable under the UCL. (*State Farm Fire & Casualty Co.* v. *Superior Court* (1996) 45 Cal.App.4th 1093, 1103 [53 Cal.Rptr.2d 229]; *Stop Youth Addiction, Inc.* v. *Lucky Stores, Inc., supra,* at pp. 566-567.) In his brief, Lazar argues that his UCL claims are predicated in part on *unlawful* business practices in violation of the Act. However, we have already determined that Hertz's conduct did not violate the Act. (See pt. II.B., *ante.*) As this necessary predicate of his UCL claims does not exist, those two causes of action necessarily fail to state a claim for relief to the extent that they are based on allegations of Act violations. (See Code Civ. Proc., § 430.10, subd. (e).)

Lazar also argues that even if the Act claims fail, that the trial court should still have overruled the demurrers to these two UCL causes of action because Hertz's refusal to rent also constituted an *unfair* business practice. (See *State Farm Fire & Casualty Co.* v. *Superior Court, supra,* 45 Cal.App.4th at pp. 1102-1103 [statutory use of disjunctive prohibits both unlawful and unfair acts; unfair conduct provides independent basis of relief].) A business practice cannot be unfair if it is permitted by law. (See *Stop Youth Addiction, Inc.* v. *Lucky Stores, Inc., supra,* 17 Cal.4th at p. 560 [defining broad scope of UCL].) The UCL does not apply if the Legislature

has expressly declared the challenged business practice to be lawful in other statutes. (*Hobby Industry Assn. of America, Inc.* v. *Younger* (1980) 101 Cal.App.3d 358, 370 [161 Cal.Rptr. 601]; see *Farmers Ins. Exchange* v. *Superior Court* (1992) 2 Cal.4th 377, 383 [6 Cal.Rptr.2d 487, 826 P.2d 730].) In this matter, we have concluded that section 1936 authorizes vehicle rental companies to require rental drivers to have attained a minimum age. (See § 1936, subd. (a)(3); see also pt. II.B., *ante.*) Thus, this provision bars Lazar from stating a cause of action under the UCL for imposition of a minimum age requirement for vehicle rental drivers. As such, the trial court properly sustained Hertz's demurrer to these two refusal to rent causes of action based on alleged violation of the UCL. (See *Baughman* v. *State of California, supra,* 38 Cal.App.4th at p. 187; see also *Hernandez* v. *City of Pomona, supra,* 49 Cal.App.4th at p. 1498.)

### III. AGE-BASED SURCHARGES

#### A. *Standard of Review—Summary Adjudication*

Lazar also contends that the trial court erred by finding the imposition of age-based surcharges on drivers under age 25 was not unreasonably high or unlawfully discriminatory as a matter of law. The Legislature has authorized age-based surcharges by specifically permitting a rental company to impose a surcharge based on reasonable age criteria established by the rental company. (§ 1936, subd. (m)(2).) Lazar's argument is that the fees were unreasonable, not that the surcharge was itself illegal. Two of the causes of action of Lazar's second amended complaint are before us in this aspect of his appeal—an Act cause of action to which the trial court sustained Hertz's demurrer without leave to amend and a UCL violation cause of action to which the trial court granted Budget and Alamo's motion for summary adjudication.

A defendant is entitled to summary adjudication[4] if it meets the burden of showing that a cause of action is meritless because one or more elements of the cause of action cannot be established. Once the defendant has met this burden of proof, the burden shifts to the plaintiff to show that a triable issue of material fact actually exists about that cause of action. On appeal from a judgment after an order granting summary adjudication of a

---

[4]We have already set forth the standard of review for a judgment after an order sustaining a demurrer without leave to amend. (See pt. II.A., *ante.*)

cause of action, we independently review the trial court record to determine whether a triable issue of material fact exists. We strictly construe the defendant's affidavits and liberally construe those of the plaintiff. We accept as fact only those portions of the defendant's evidence that is not contradicted by the plaintiff's evidence. Thus, we deem the facts alleged by the plaintiff—the party opposing summary adjudication—and the reasonable inferences we can make from those facts to be true. (*Ojavan Investors, Inc.* v. *California Coastal Com.* (1997) 54 Cal.App.4th 373, 385 [62 Cal.Rptr.2d 803]; see *Buss* v. *Superior Court* (1997) 16 Cal.4th 35, 60 [65 Cal.Rptr.2d 366, 939 P.2d 766]; *Miller* v. *Bechtel Corp.* (1983) 33 Cal.3d 868, 874 [191 Cal.Rptr. 619, 663 P.2d 177]; *A-H Plating, Inc.* v. *American National Fire Ins. Co.* (1997) 57 Cal.App.4th 427, 433-434 [67 Cal.Rptr.2d 113] [summary judgment].) We review those facts and independently determine their effect as a matter of law. (*Stratton* v. *First Nat. Life Ins. Co.* (1989) 210 Cal.App.3d 1071, 1083 [258 Cal.Rptr. 721].) Our task is to determine whether the alleged facts provide any basis for liability on the part of the defendants, regardless of the nature of the cause of action. (See *American Airlines, Inc.* v. *County of San Mateo* (1996) 12 Cal.4th 1110, 1118 [51 Cal.Rptr.2d 251, 912 P.2d 1198] [summary judgment].) A defendant is entitled to summary adjudication if the record establishes that the plaintiff's cause of action cannot succeed as a matter of law. (*Molko* v. *Holy Spirit Assn.* (1988) 46 Cal.3d 1092, 1107 [252 Cal.Rptr. 122, 762 P.2d 46], cert. den. 490 U.S. 1084 [109 S.Ct. 2110, 104 L.Ed.2d 670].)

B. *Unfair Competition*

▮ The trial court granted summary adjudication to Budget and Alamo on Lazar's UCL cause of action based on claims of improper surcharges, finding this cause of action meritless. It had earlier overruled a demurrer to this cause of action, but the summary adjudication motion allowed the trial court to consider not just the pleadings, but the evidence proffered by either side when making its ruling. (See Code Civ. Proc., § 437c, subd. (b).)

Again, Lazar claims both *unlawful* and *unfair* business practices pursuant to the UCL. The lack of an actionable Act violation underlying his *unlawful* business practices claim necessarily defeats that aspect of his UCL cause of action. (See Code Civ. Proc., § 430.10, subd. (e); *Stop Youth Addiction, Inc.* v. *Lucky Stores, Inc., supra,* 17 Cal.4th at pp. 566-567; *State Farm Fire & Casualty Co.* v. *Superior Court, supra,* 45 Cal.App.4th at p. 1103; see also pt. II.B., *ante.*)

As to his *unfair* business practices claim, Lazar argues that the surcharges were unfair because they were too high and because the unreasonably high surcharges were assessed only against renters under age 25. In the trial court, Budget and Alamo argued that Lazar's discovery responses were factually devoid of evidence and thus, he had no evidence to support the factual allegations of his complaint. On appeal, Lazar argues as he did in the trial court that he was not obligated to bring forth any evidence of unfair surcharges in order to survive a summary adjudication motion. We disagree.

■ On a motion for summary adjudication, a defendant may rely on a plaintiff's factually inadequate discovery answers to seek summary adjudication of a particular cause of action. If plaintiff fails to adduce evidence during discovery to support the factual allegations of his or her complaint, the burden shifts to the plaintiff and the motion may be granted if the plaintiff does not set forth specific facts that show a triable issue of material fact. (See *Union Bank* v. *Superior Court* (1995) 31 Cal.App.4th 573, 590 [37 Cal.Rptr.2d 653].) ■ Lazar has not put forth any evidence in the trial court or on appeal in support of his claim that the surcharge is unreasonably high or unreasonably imposed on younger drivers such that it constitutes an unfair business practice. As he failed to meet his burden, Budget and Alamo were entitled to summary adjudication in their favor as a matter of law. Thus, the trial court properly granted Budget and Alamo summary adjudication on the unreasonable surcharge cause of action alleging a violation of the UCL. (*Molko* v. *Holy Spirit Assn., supra,* 46 Cal.3d at p. 1107.)

## C. *The Act*

■ The trial court also sustained a demurrer to Lazar's cause of action for Act violations based on allegations of unreasonable surcharges. It found that section 1936 permitted vehicle rental companies to impose a surcharge on drivers under age 25. Lazar argues as if the Legislature requires the *amount of the surcharge* to be reasonable, when in fact the statute requires only that the age *limitation for the surcharge* be reasonable. (See § 1936, subd. (m)(2).) To the extent that he would have this court read a reasonableness requirement into the surcharge amount provision, we decline to do so.

In various places in section 1936, the Legislature set forth specific dollar or actual cost limitations that vehicle rental agreements may not exceed. (See, e.g., § 1936, subds. (b)(4), (6), (c)(7).) However, in subdivision (m)(2) (permitting a surcharge for drivers of certain ages), the Legislature did *not* specify any dollar amount or other cost limitation. By implication, the

Legislature's omission is significant, suggesting that it intended a different purpose—that is, *not* to impose such a limitation but to leave this amount to the business judgment of the vehicle rental companies. (See *Campbell* v. *Zolin, supra,* 33 Cal.App.4th at p. 497; *City of Dublin* v. *County of Alameda, supra,* 14 Cal.App.4th at p. 280; *Korens* v. *R. W. Zukin Corp.* (1989) 212 Cal.App.3d 1054, 1058 [261 Cal.Rptr. 137].) We may not substitute our judgment for that of the Legislature when it appears that that body has deliberately chosen not to impose a monetary limitation. (See *In re Executive Life Ins. Co.* (1995) 32 Cal.App.4th 344, 373 [38 Cal.Rptr.2d 453].)

Thus, this case concerns a question of economic policy—that is, whether the surcharge is too high and should be regulated. (See, e.g., *California Grocers Assn.* v. *Bank of America* (1994) 22 Cal.App.4th 205, 218 [27 Cal.Rptr.2d 396].) As we have already ruled, the Act does not allow us "to engage in complex economic regulation under the guise of judicial decision-making." (*Harris* v. *Capital Growth Investors XIV, supra,* 52 Cal.3d at p. 1168; *Wolfe* v. *State Farm Fire & Casualty Ins. Co., supra,* 46 Cal.App.4th at pp. 562-563; see pt. II.B., *ante.*) It is the Legislature's function, not ours, to determine the wisdom of economic policy. Judicial intervention in such economic issues is improper. (*Wolfe* v. *State Farm Fire & Casualty Ins. Co., supra,* at p. 562; see *Harris* v. *Capital Growth Investors XIV, supra,* at p. 1168, fn. 15; see also *California Grocers Assn.* v. *Bank of America, supra,* at p. 218 [desirable control of charges best accomplished by Legislature, not courts].)

Alternatively, Lazar contends that the issue of reasonableness is a factual one requiring a trial, effectively precluding resolution on demurrer. We disagree with his analysis. Act issues are often decided on demurrer or motion for summary judgment when the business practice appears to be valid on its face as bearing a reasonable relation to appropriate commercial objectives for a public enterprise. (*Harris* v. *Capital Growth Investors XIV, supra,* 52 Cal.3d at p. 1165.) The issue before us is a purely legal one. (See *ibid.*) As the proper interpretation of section 1936 precludes courts from interfering in economic matters under the guise of an Act violation, then as a matter of law there was no violation of the Act.[5]

---

[5]In light of this conclusion, we need not consider Lazar's additional contention that if this case is remanded to the trial court for further proceedings, venue should be returned to Alameda County. This resolution also renders moot Hertz's request that we take judicial notice of four documents—a 1993 teen driver report as well as statements and designations from foreign corporations for three of the four respondents.

The judgment is affirmed.

Hanlon, P. J., and McGuiness, J.,* concurred.

Appellant's petition for review by the Supreme Court was denied April 28, 1999.

---

*Presiding Justice of the Court of Appeal, First District, Division Three, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.