[S. F. No. 20914.   In Bank.   Mar. 26, 1962.]

MITCHELL LEE, Plaintiff and Appellant, v. JOHN FRANCIS O'HARA et al., Defendants and Respondents.

Garfield W. Steward for Plaintiff and Appellant.

Robert J. Smith for Defendants and Respondents.

GIBSON, C. J.—Plaintiff appeals from a judgment entered upon the sustaining of a general demurrer without leave to amend.

The allegations of the complaint may be summarized as follows: Plaintiff is a citizen of the United States and of the State of California and is a member of the Negro race. Defendants, who are licensed real estate brokers with offices in San Francisco, were retained in that capacity to rent certain described premises to any member of the public ready, willing, and able to rent such premises upon the terms offered. In February 1961 plaintiff requested defendants to procure possession of the premises for him upon the offered terms, and defendants refused to rent to plaintiff solely because of his race.

Section 51 of the Civil Code, as amended in 1959 by the Unruh Civil Rights Act, provides in part: ''All persons within

the jurisdiction of this State are free and equal, and no matter what their race, color, religion, ancestry, or national origin are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Section 52 provides that whoever denies the rights declared in section 51, or aids or incites such a denial, is liable for each offense for actual damages and, in addition, $250.

We held in *Burks* v. *Poppy Construction Co., ante,* p. 463 [20 Cal.Rptr. 609, 370 P.2d 313], that the Unruh Civil Rights Act is valid and applies to real estate transactions. Defendants contend, however, that real estate brokers acting as such do not come within the purview of the act.

The inclusion in section 51 of the words "all" and "of every kind whatsoever," without any exception and without specification of particular kinds of enterprises, leaves no doubt that the term was used in the broadest sense reasonably possible. (*Burks* v. *Poppy Construction Co., supra, ante,* p. 463.) Section 10162 of the Business and Professions Code provides in part: "Every licensed real estate broker shall have and maintain a definite place of business in the State of California which shall serve as his office for the transaction of business. This office shall be the place where his license is displayed and where personal consultations with clients are held. . . . No real estate license authorizes the licensee to do business except from the location stipulated in the real estate license." The office which a real estate broker is required by law to maintain at a specified location, and from which his business must be transacted, is a business establishment within the meaning of the Unruh Act.

Defendants argue that inasmuch as they were retained by the owner, they were forbidden by section 10176 of the Business and Professions Code to act for plaintiff without the consent of all parties, that such consent was not alleged, and that, therefore, it could not be said they denied services to plaintiff. We do not agree. A broker who, in disregard of his agreement with the owner to rent to any member of the public, refuses to rent to a particular prospective tenant is obviously denying services to that person.

The complaint states a cause of action, and the court erred in sustaining the general demurrer.

The judgment is reversed.

Traynor, J., Schauer, J., McComb, J., Peters, J., White, J., and Dooling, J., concurred.