[Sac. No. 7657.   In Bank.   June 8, 1966.]

CLIFTON HILL, Plaintiff and Appellant, v. CRAWFORD MILLER, Defendant and Respondent.

Colley & McGhee, Nathaniel S. Colley, Milton L. McGhee, Stanley Malone and Clarence B. Canson for Plaintiff and Appellant.

John F. Duff, Richard G. Logan, Cyril A. Coyle, James S. DeMartini, Thomas Arata, William J. Bush, Peter J. Donnici, James T. McDonald, Richard B. Morris, Richard A. Bancroft, Jack Greenberg, Joseph B. Robison, Sol Rabkin, Robert M. O'Neil, Duane B. Beeson, Seymour Farber, Robert H. Laws, Jr., Howard Nemerovski, John G. Clancy, Ephraim Margolin, George T. Altman and Ray R. McCombs as Amici Curiae on behalf of Plaintiff and Appellant.

Harry A. Ackley, Robert J. Cook and John M. Beede for Defendant and Respondent.

Gibson, Dunn & Crutcher, William French Smith, Samuel O. Pruitt, Jr., and Charles S. Battles, Jr., as Amici Curiae on behalf of Defendant and Respondent.

PEEK, J.—Plaintiff tenant appeals from a judgment for defendant landlord entered upon the sustaining of a demurrer without leave to amend in an action for an injunction to restrain defendant from evicting plaintiff, a Negro, solely because of his race.

It appears from the complaint and is deemed admitted by the demurrer that plaintiff occupies, as a tenant, residential property owned by defendant; that defendant caused to be served upon plaintiff a notice to quit possession and terminate the tenancy; that the notice was given only for the reason that defendant plans to exclude Negroes from the rental of residential real property owned by defendant; that defendant intends to follow the notice with an action for unlawful detainer in the appropriate municipal court; that he asserts he is entitled to discriminate in the rental of his property in reliance on article I, section 26, of the California Constitution;[1] that plaintiff has a right not to be subjected to such discrimination by virtue of the Fourteenth Amendment to the federal Constitution, and that he has no adequate remedy at law by which to preserve his right.

Defendant demurred to the complaint upon the ground that it failed to state sufficient facts to constitute a cause of action. Arguments on the demurrer were heard together with argu-

---

[1]The operative portion of article I, section 26, of the California Constitution provides:

"Neither the State nor any subdivision or agency thereof shall deny, limit or abridge, directly or indirectly, the right of any person, who is willing or desires to sell, lease or rent any part or all of his real property, to decline to sell, lease or rent such property to such person or persons as he, in his absolute discretion, chooses."

ments on plaintiff's motion for a preliminary injunction and the merits of the constitutionality of article I, section 26. The demurrer was sustained without leave to amend, and thereafter the instant judgment was entered.

We have concluded in *Mulkey* v. *Reitman, ante,* p. 529 [50 Cal.Rptr. 881, 413 P.2d 825], that article I, section 26, is an unconstitutional infringement upon the equal protection clause of the Fourteenth Amendment, and for that reason defendant is not entitled to rely upon it as giving him a right to discriminate against plaintiff in the rental of defendant's property. It does not follow from such holding, however, that plaintiff stated a cause of action. To withstand defendant's demurrer he must allege facts which entitle him to relief as a matter of law. This he has failed to do.

The facts which plaintiff has alleged show only that defendant has discriminated and intends to further discriminate against plaintiff and Negroes generally in the rental of defendant's residential property. The Fourteenth Amendment does not impose upon the state the duty to take positive action to prohibit a private discrimination of the nature alleged here. (*Mulkey* v. *Reitman, ante,* pp. 529, 536 [50 Cal.Rptr. 881, 413 P.2d 825].)

Although the state, by action of the Legislature or the People, may make such private acts of discrimination unlawful, it has not done so. Section 51 of the Civil Code, commonly known as the Unruh Civil Rights Act, prohibits discrimination only where it occurs in "business establishments of every kind whatsoever." (See *Lee* v. *O'Hara* (1962) 57 Cal.2d 476 [20 Cal.Rptr. 617, 370 P.2d 321]; *Burks* v. *Poppy Constr. Co.* (1962) 57 Cal.2d 463 [20 Cal.Rptr. 609, 370 P.2d 313].) The Rumford Fair Housing Act (Health & Saf. Code, §§ 35700-35744) prohibits discrimination only in the sale or rental of public assisted housing accommodations and in any private dwelling containing more than four units. (Health & Saf. Code, §§ 35710, 35720.) Plaintiff has failed to allege facts which would bring him within either the Unruh or Rumford acts, or any other statutory provision. Not only has he failed to state a cause of action, but there is nothing in the record to suggest that he could amend his complaint to so state a cause of action under any statutory provision.

Plaintiff is further unable to plead facts which would afford him relief under any decisional law. His reliance in this connection upon *Abstract Investment Co.* v. *Hutchinson,* 204

Cal.App.2d 242 [22 Cal.Rptr. 309], is misplaced. In that case it was held that to make available to a discriminating landlord the aid and processes of a court in effecting a discrimination would involve the state in action prohibited by the Fourteenth Amendment.

For the foregoing reasons the judgment is affirmed.

Traynor, C. J., Peters, J., Tobriner, J., and Burke, J., concurred.

WHITE, J.*—For the reasons stated in my dissenting opinion in *Mulkey v. Reitman, ante,* p. 545 [50 Cal.Rptr. 881, 413 P.2d 825], I concur in the judgment.

McComb, J., concurred.

---

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.