Filed 6/24/14  Koopongskul v. Wooley CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| CHAOWALIT KOOPONGSKUL,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>BEVERLY HU WOOLEY et al.,<br><br>    Defendants and Respondents. | H038244<br>(Santa Clara County<br>Super. Ct. No. 1-10 CV181607) |

Chaowlit Koopngskul appeals a judgment entered following the trial court's dismissal of his complaint after sustaining respondents Happy Realty, Beverly Hu Wooley and Stanley Chen's demurrer without leave to amend.

On appeal from a judgment dismissing an action after sustaining a demurrer without leave to amend, we give the complaint a reasonable interpretation, and treat the demurrer as admitting all material facts properly pleaded.  (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)  "When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action.  (See *Hill v. Miller* (1966) 64 Cal.2d 757, 759.)  And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment:  if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm.  (*Kilgore v. Younger* (1982) 30 Cal.3d 770, 781; *Cooper v. Leslie Salt Co.* (1969) 70 Cal.2d 627, 636.)  The burden of proving such reasonable

possibility is squarely on the plaintiff. (*Cooper v. Leslie Salt Co.*, *supra*, at p. 636.)"
(*Ibid.*)

In order to undertake the task of evaluating the sufficiency of the complaint, we must examine it. Here, however, appellant does not provide a copy of the complaint in the record on appeal.[1] As a result, we cannot move beyond our starting presumption that appealed judgments and orders are correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) It is the appellant's burden to overcome this presumption and affirmatively show error by providing not only argument, but an adequate record establishing the alleged error. When the appellant fails to supply an appellate record sufficient for meaningful review, " 'the appellant defaults and the decision of the trial court should be affirmed.' " (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416.)

Because plaintiff has not met his burden as appellant to demonstrate error, the presumption of correctness remains and the challenged orders must be upheld. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574-575.)

The fact that appellant is representing himself does not diminish his burden to establish error on appeal. While the law permits a party to act as his or her own attorney, " '[s]uch a party is to be treated like any other party and is entitled to the same, but no greater[,] consideration than other litigants and attorneys. [Citation.]' [Citation.] Thus, as is the case with attorneys, pro[] per[] litigants must follow correct rules of procedure. [Citations.]" (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247.) Having failed to

---

[1] On April 8, 2014, appellant filed a group of documents purporting to augment the record on appeal. One of the documents is entitled, "The Appellant amended complaint." There is no indication that this document was, in fact, the amended complaint filed in the trial court, to which respondents demurred. As a result, we do not consider it the amended complaint for purposes of appellate review.

provide this court with the necessary factual basis for review, appellant is not entitled to reversal.

**DISPOSITION**

The judgment is affirmed.

_____
RUSHING, P.J.

WE CONCUR:

_____
PREMO, J.

_____
MÁRQUEZ, J.