Filed 3/25/15  Peasley v. City of Scotts Valley Police CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| DAVID PEASLEY,<br><br>　　Plaintiff and Appellant,<br><br>　　　v.<br><br>CITY OF SCOTTS VALLEY POLICE,<br><br>　　Defendant and Respondent. | H039749<br>(Santa Cruz County<br>Super. Ct. No. CV175018) |

David Peasley, proceeding in pro per, appeals the dismissal of his civil action against the City of Scotts Valley, Scott Freeman, Jayson Rutherford, Mark Lopez and Kami Raabe.

**STATEMENT OF THE CASE**

Appellant provides a very scant record from the trial court of the procedure of this case, and provides no underlying facts of this litigation.

We glean from the limited record that appellant filed a civil complaint against the City of Scotts Valley and individual defendants.  Respondents filed a motion to strike and demurrer to appellant's complaint.[1]  The hearing on respondents' motion and demurrer was scheduled for February 15, 2013.

---

[1] Neither the dates for these filings, nor the documents themselves are contained in the record on appeal.

Appellant, who was incarcerated in state prison at the time, appeared telephonically on February 15, 2013, and requested a continuance of the hearing. The court granted the request, and continued the hearing to February 25, 2013. On February 21, 2013, appellant filed a notice to appear by telephone for the February 25, 2013 hearing.

Appellant did not appear at the February 25, 2013 hearing. At that hearing, the court granted respondents' motion to strike the individual defendants from the complaint. The court also sustained respondents' demurrer to complaint without leave to amend as to all of the causes of action except negligence. As to the negligence cause of action, the court granted appellant 45 days leave to amend.

At some point, appellant filed a motion for reconsideration.[2] On March 26, 2013, the court denied the motion.

On April 8, 2013, appellant filed a "motion to withdraw/retract." This motion appears to be a motion for reconsideration of the demurrer based on appellant's contention that the prison did not facilitate his telephonic appearance for the hearing on February 25, 2013.

On May 15, 2013, the court denied appellant's "motion to withdraw/retract," and dismissed appellant's action based on his failure to file an amended complaint by April 12, 2013.

Appellant appeals the dismissal of his case.

### DISCUSSION

Although appellant is actually challenging the court's dismissal of his action based on its sustaining respondents' demurrer, he focuses his arguments in this appeal on his contention that prison officials did not facilitate his telephonic appearance at the hearing

---

[2] The motion is not contained in the record. We extrapolate that this motion was filed, because an order denying the motion is contained in the record.

for his demurrer.  His record consists only of minute orders from hearings, and his "motion to withdraw/retract;" there is no copy of the complaint, no copy of the demurrer or opposition, and no copy of a proposed amended complaint.

Here, the court entered judgment against appellant based on the fact that it sustained a demurrer without leave to amend as to all of the causes of action in the complaint except for negligence.  With regard to the negligence cause of action, the court granted appellant leave to amend.  Appellant did not file an amended complaint, and the action was dismissed.

On appeal from a judgment dismissing an action after sustaining a demurrer without leave to amend, we give the complaint a reasonable interpretation, and treat the demurrer as admitting all material facts properly pleaded.  (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)  "When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action.  (See *Hill v. Miller* (1966) 64 Cal.2d 757, 759.)  And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment:  if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm.  (*Kilgore v. Younger* (1982) 30 Cal.3d 770, 781; *Cooper v. Leslie Salt Co.* (1969) 70 Cal.2d 627, 636.)  The burden of proving such reasonable possibility is squarely on the plaintiff.  (*Cooper v. Leslie Salt Co., supra*, at p. 636.)" (*Ibid*.)

In order to undertake the task of evaluating the sufficiency of the complaint, we must examine it. Here, however, appellant does not provide a copy of the complaint in the record on appeal.  Nor does appellant provide a copy of the demurrer, motion to strike, or proposed amended complaint.  As a result, we cannot move beyond our starting presumption that appealed judgments and orders are correct.  (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

3

It is appellant's burden to overcome this presumption and affirmatively show error by providing not only argument, but an adequate record establishing the alleged error. While appellant does provide some documents showing that he requested to appear telephonically for the February 25, 2013 hearing and he did not do so, he does not provide the necessary documents to demonstrate that this failure to appear prejudiced him in the court's ruling on the demurrer. Because we do not have the complaint to independently review, we cannot determine if the court erred in sustaining the demurrer. As a result, regardless of whether appellant appeared at the hearing, we must presume the court acted correctly in sustaining the demurrer.

When an appellant fails to supply an appellate record sufficient for meaningful review, " 'the appellant defaults and the decision of the trial court should be affirmed.' " (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416.)

Appellant's record is insufficient to demonstrate that the trial court erred. We cannot determine if the court erred in sustaining the demurrer at that hearing, because appellant has not provided us with the complaint.

Because appellant has not met his burden to demonstrate error, the presumption of correctness remains and the challenged orders must be upheld. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574-575.)

The fact that appellant is representing himself does not diminish his burden to establish error on appeal. While the law permits a party to act as his or her own attorney, " '[s]uch a party is to be treated like any other party and is entitled to the same, but no greater[,] consideration than other litigants and attorneys. [Citation.]' [Citation.] Thus, as is the case with attorneys, pro[] per[] litigants must follow correct rules of procedure. [Citations.]" (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247.) Having failed to provide this court with the necessary factual basis for review, appellant is not entitled to reversal.

4

**DISPOSITION**

The judgment is affirmed.

_____

RUSHING, P.J.

WE CONCUR:

_____

ELIA, J.

_____

MÁRQUEZ, J.

6