Filed 11/24/21  K.M. v. L.A. Unified School District CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| K.M., a Minor, et al.,<br><br>        Plaintiff and Appellant,<br><br>        v.<br><br>LOS ANGELES UNIFIED SCHOOL DISTRICT et al.,<br><br>        Defendants and Respondents. | B294851<br><br>(Los Angeles County Super. Ct. No. BC505747) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Richard L. Fruin, Jr., Judge.  Affirmed.

Law Offices of Rebekah Ryan Main and Rebekah Ryan Main; Walker Trial Lawyers and Barry M. Walker, for Plaintiff and Appellant.

Liebman, Quigley & Sheppard and Joseph R. Zamora for Defendants and Respondents.

# I.  INTRODUCTION

Minor K.M. (minor), through her guardian ad litem and mother Ellen M. (mother), appeals from an order of dismissal.[1] Minor sued the Los Angeles Unified School District (District) and Maria De Mesa for general negligence, medical negligence, battery, and civil rights violations.  Following successful demurrers and a motion for dismissal of several causes of action, only two causes of action remained as to minor.  Minor accepted defendants' offer of compromise pursuant to Code of Civil Procedure section 998, but the parties disputed whether minor had agreed to settle all her causes of action or only the two remaining ones.  The trial court ruled that minor had released all her causes of action and ordered the action dismissed, with prejudice.

Minor argues that the trial court erred by:  finding the release applied to all her causes of action; sustaining demurrers without leave to amend as to the seventh through tenth causes of action from the second amended complaint; dismissing the first cause of action from the fourth amended complaint; striking an expert witness's testimony; and issuing an order of dismissal rather than a judgment.  We affirm.

---

[1]  Although mother is named as an appellant, she makes no arguments on her own behalf.

## II.  BACKGROUND

A.  *Factual Background*

"On demurrer review, we accept the truth of material facts properly pleaded, but not contentions, deductions, or conclusions of fact or law.  We may also consider matters subject to judicial notice." (*State Dept. of State Hospitals v. Superior Court* (2015) 61 Cal.4th 339, 346.)  We summarize the facts alleged by minor in the fourth amended complaint as follows.

On September 7, 2011, minor, a seven-year-old with special needs, began attending Mariposa-Nabi PC (school), a school in the District.  Mother participated in the creation of an Individualized Education Plan (IEP) for minor.

On March 7, 2012, minor had a seizure at school and was transported by ambulance to the hospital, where minor was diagnosed with epilepsy.  On March 8, 2012, mother drafted a seizure plan for minor, which she provided to the school.

At an IEP meeting on March 9, 2012, mother met with De Mesa, a nurse at the school, who had already written the medical section of the IEP without having reviewed minor's medical records.  De Mesa told mother that the school would be using the District's official policies.  At the meeting, it was strongly suggested to mother that minor be placed at another school.  "[I]t seemed to" mother that minor was considered a "'problem'" because of her epilepsy and mother's criticism of De Mesa.  Mother chose to keep minor at the school.  De Mesa became hostile to mother over the course of several weeks.  De Mesa began making unfounded referrals to child protective services as retaliation for mother's complaints about De Mesa.

On April 11, 2012, mother provided the school with seizure medication for minor, with a doctor's order for emergency administration. Specifically, the doctor's order provided that the seizure medication should be administered in the event minor had a seizure lasting more than three minutes. Mother believed school staff was trained regarding the administration of the seizure medication.

On April 27, 2012, at about 10:30 a.m., minor had a seizure (April 27, 2012, incident). De Mesa did not administer the seizure medication per the doctor's order, and instead attempted to "'rouse'" minor by slapping her repeatedly across the face. De Mesa refused to administer the emergency medication.

At approximately 11:11 a.m. on April 27, 2012, mother received a call from the school informing her that minor was experiencing a seizure. Twenty-one minutes after that call, mother arrived at the school. Mother was directed to the medical office of the school, where she saw minor's "'precarious medical condition—gurgling, barely breathing, bruised and battered, soiled with urine and feces, slumped in a wheelchair [and] unresponsive.'" Mother also saw "'[minor's] intubation and placement on life support,' as well as the 'inexplicable bruises on [minor's] face.'" De Mesa had directed that no one do anything for minor during the seizure. Emergency personnel were eventually called and arrived over an hour after the seizure began. While being transported to the hospital, minor was placed on oxygen and remained "completely unresponsive." At the hospital, minor was placed on life support and admitted to the intensive care unit because of respiratory depression. Minor spent two days on a ventilator and life support. Minor suffered from a serious infection caused by breathing her stomach

4

contents during the seizure. Minor also suffered setbacks in her developmental milestones.

B.    *Procedural History*

    1.    <u>Claim for Damages</u>

    On October 23, 2012, minor through her counsel filed with the District a "CLAIM FOR DAMAGES TO PERSON OR PROPERTY" (Claim). The Claim cited to a letter from plaintiffs' counsel which recited the factual allegations above. Minor named the District employees responsible for her injury as De Mesa, the principal Salvador Rodriguez, and the principal's assistant Sandra Hernandez. In the letter attached to the Claim, counsel asserted that she had been authorized to bring claims for general negligence, medical negligence, battery, and intentional infliction of emotional distress against the District, Rodriguez, Hernandez, and De Mesa. The District did not act on the claim within 45 days of presentation. (See Gov. Code, § 911.6, subd. (c) [if governing body of local public entity does not act on claim within 45 days, claim is deemed denied].)

    2.    <u>Second Amended Complaint</u>

    On August 19, 2014, mother and minor filed their second amended complaint against Hernandez, Rodriguez, De Mesa, and the District.[2] They alleged the following ten causes of action: (1) minor against all defendants for negligence; (2) minor against

---

[2]    Hernandez and Rodriguez were subsequently dismissed from the case. They are not parties to this appeal.

De Mesa and the District for medical negligence; (3) minor against De Mesa, Rodriguez, and the District for battery; (4) plaintiffs against all defendants for intentional infliction of emotional distress; (5) mother against all defendants for negligent infliction of emotional distress; (6) minor against Hernandez, Rodriguez, and the District for aiding and abetting a tort, namely, De Mesa's battery and intentional infliction of emotional distress against minor; (7) minor against the District for harassment in an educational institution (Ed. Code, § 220); (8) minor against all defendants for violation of federal civil rights (42 U.S.C. § 1983); (9) minor against all defendants for violation of the Unruh Civil Rights Act (Unruh Act; Civ. Code, § 51); and (10) minor against all defendants for violation of the Ralph Civil Rights Act of 1976 (Ralph Act; Civ. Code, § 51.7).

On September 19, 2014, defendants demurred to the second amended complaint. Defendants asserted, among other things, that the fifth through tenth causes of action failed because plaintiffs did not exhaust their administrative remedies and failed to allege sufficient facts for the causes of action.

On December 2, 2014, the trial court issued its ruling, sustaining Rodriguez's, Hernandez's, and the District's demurrer. The court sustained the demurrer, without leave to amend, as to the fifth through tenth causes of action, finding that plaintiffs had failed to exhaust their administrative remedies. The court also sustained without leave to amend the demurrer to the third cause of action, finding the three defendants could not be vicariously liable for De Mesa's conduct. For the fourth cause of action, the court sustained the demurrer without leave to amend for failure to state a claim.

As to defendant De Mesa, the trial court sustained her demurrer as to the fifth, eighth, ninth, and tenth causes of action for failure to exhaust administrative remedies. The court also sustained without leave to amend her demurrer to the first cause of action, finding plaintiffs had failed to allege a claim for general negligence. The court sustained without leave to amend De Mesa's demurrer to the fourth cause of action for failure to state a claim. The court overruled De Mesa's demurrer to the second cause of action.

3.     Fourth Amended Complaint

On May 2, 2016, plaintiffs filed the operative fourth amended complaint. Plaintiffs proceeded on four causes of action: (1) minor against the District for negligence; (2) minor against De Mesa and the District for medical negligence; (3) minor against De Mesa for battery; and (4) mother against the District for negligence under a bystander liability theory. The first cause of action alleged that the District failed to adequately supervise its agents and employees, which caused injury to minor. On May 13, 2016, plaintiffs sought to dismiss their claims against defendants Hernandez and Rodriguez, which dismissal was entered on May 19, 2016.

On June 1, 2016, the District demurred to the fourth amended complaint. On July 14, 2016, the trial court overruled the demurrer.

7

### 4. Striking Expert Witness and First Cause of Action

On August 22, 2016, plaintiffs designated Marian B. Stephens as an expert witness who would "offer opinions at trial concerning the breach of the administrative policies, practices and standard of care of [the District] and causation of [p]laintiffs' physical, psychological, emotional, mental and related injuries and damages resulting from the acts alleged in this matter."

On September 9, 2016, the District filed an ex parte application to strike Stephens as a witness.

On September 16, 2016, following argument, the trial court granted the District's motion.

On September 29, 2016, the District filed an ex parte application for an order to dismiss or strike the first cause of action, asserting that the trial court's prior ruling indicated that minor's claim against the District was only under a vicarious theory of liability, and therefore liability for negligence for failure to supervise failed. On October 13, 2016, the trial court granted the application and struck the first cause of action except to the extent minor asserted a vicarious liability theory for De Mesa's conduct.

### 5. Code of Civil Procedure Section 998 Settlement and Release of Claims

On August 31, 2017, defendants, pursuant to Code of Civil Procedure section 998, offered to settle minor's claims by paying minor $350,000 in exchange for minor's agreement to dismiss, with prejudice, "those Claims . . . as set forth in the Fourth Amendment Complaint ([s]econd and [t]hird [c]auses of

8

[a]ction)[.]" On September 14, 2017, minor filed notice of her acceptance of defendants' offer to compromise, stating that she would file the requested dismissal upon receipt of the settlement funds.[3]

On October 13, 2017, mother filed a petition seeking approval of a compromise of claim, for a minor or a person with a disability (Petition). In the Petition, mother stated that the incident or accident at issue in the settlement occurred on April 27, 2012, at 10:30 a.m. In the Petition, mother, as guardian ad litem, stated that she "fully underst[ood] that if the compromise proposed in this petition is approved by the court and is consummated, the claimant will be forever barred from seeking any further recovery of compensation from the settling defendants named below even though the claimant's injuries may in the future appear to be more serious than they are now thought to be."

On November 17, 2017, the trial court issued an order approving the Petition. The order provided that: "Upon receipt of the full amount of the settlement sum approved by this order and the deposit of funds, the petitioner is authorized and directed to execute and deliver to the payer [defendants] a full, complete, and final release and discharge of any and all claims and demands of the claimant by reason of the accident or incident described in the petition and the resultant injuries to the claimant and a properly executed dismissal with prejudice."

---

[3] On September 6, 2017, defendants made an offer of compromise pursuant to Code of Civil Procedure section 998 to mother. Mother accepted; and, on September 15, 2017, defendants and mother entered into a settlement for $15,000. That settlement is not at issue on appeal.

In March 2018, defendants paid the settlement amounts.

On May 22, 2018, plaintiffs submitted a proposed judgment, which stated that minor had settled the second and third causes of action against defendants in the fourth amended complaint and would "take nothing from defendants [the District and De Mesa]" on their fourth through tenth causes of action in the second amended complaint, and would also take nothing from defendants the District and De Mesa on the first cause of action in the fourth amended complaint.

The trial court requested clarification on the proposed judgment; and, on July 2, 2018, plaintiffs filed a brief in support of their request. Plaintiffs contended that they were entitled to entry of their proposed judgment so that they could appeal from the trial court's prior dismissals of the causes of action that had not been settled. Defendants objected to the proposed judgment and requested a hearing.

On July 30, 2018, plaintiffs filed a motion for entry of judgment, in which they raised the same arguments they raised in their earlier brief. Defendants filed an opposition on August 21, 2018.

On August 23, 2018, plaintiffs filed requests for dismissal of the second, third, and fourth causes of action in the Fourth Amended Complaint. On that same date, the clerk entered the dismissals and plaintiffs again filed a proposed judgment.

On September 4, 2018, the trial court heard plaintiffs' motion for entry of judgment. At the hearing, plaintiffs' counsel admitted that he had not filed or submitted a release of claims as required by the court's November 17, 2017, order, but stated that he would do so.

10

On September 25, 2018, plaintiffs filed another proposed judgment of dismissal. Defendants again objected, noting that plaintiffs had still not provided them with the release required by the November 17, 2017, order.

On October 4, 2018, plaintiffs filed a "Notice of Execution of Release of All Claims" (Release). The Release provided: "[Minor] hereby releases and forever discharges [the District] and De Mesa from all injuries and harm suffered for the following events, as alleged in paragraph 6 of the Petition. [¶] On 4/27/12 [minor] had a seizure while at school at Mariposa Nabi PC. Despite having both a prescription medication and a written physician's order to administer the medication to stop the seizure, [De Mesa] refused to administer the medication and repeatedly slapped [minor] across the face. [De Mesa] also forbade others to administer the medication and refused to call for emergency medical services."[4]

### 6. Order of Dismissal

On October 30, 2018, the trial court issued an "Order of Dismissal Re Settled Action." The order stated: "This Court finds that the claims and causes of action that were the subject of earlier demurrers sustained without leave to amend, arise out of the same facts, occurrence, and incident as the causes of action that remained in this action as of the date of settlement, and all of [p]laintiffs' claims and causes of action, alleged at any time in this action, have been settled and resolved by virtue of [p]laintiffs' filed dismissals with prejudice, and settlements.

---

[4] This language is identical to the description of the incident provided at paragraph 6 of the Petition.

11

Moreover, based in part on the maxim 'That which ought to have been done is to be regarded as done, in favor of him to whom, and against him from whom, performance is due' (Civil Code, § 3529) this Court finds on the additional grounds of that release and discharge that all of [minor's] claims, and causes of action alleged in this Action at any time have been released and discharged. Accordingly, this Court hereby dismisses this action (to the extent it has not been previously dismissed), in full with prejudice, as fully and finally settled."[5]

On December 28, 2018, plaintiffs timely filed their notice of appeal.[6]

---

[5]     Minor argues that the trial court abused its discretion by refusing to enter an appealable judgment, which prevented minor from challenging the prior rulings on the demurrers. We reject minor's argument as the October 31, 2018, order of dismissal is appealable. (Code Civ. Proc., § 581d; *Estate of Redfield* (2011) 193 Cal.App.4th 1526, 1533.) Thus, all the prior orders sustaining demurrers without leave to amend are reviewable on appeal. (Code Civ. Proc., § 906.)

[6]     Defendants contend that the appeal should be dismissed under the appellate disentitlement doctrine. "Under the disentitlement doctrine, a reviewing court has inherent power to dismiss an appeal when the appealing party has refused to comply with the orders of the trial court. [Citation.] "'Appellate disentitlement 'is not a jurisdictional doctrine, but a discretionary tool that may be applied when the balance of the equitable concerns make it a proper sanction.' [Citation.]" [Citation.]' [Citation.] The rule applies even if there is no formal adjudication of contempt. [Citation.] The disentitlement doctrine 'is particularly likely to be invoked where the appeal arises out of the very order (or orders) the party has disobeyed.' [Citation.] Moreover, the merits of the appeal are irrelevant to the

# III. DISCUSSION

A.    *Release*

Minor contends that the trial court erred by finding that the first cause of action in the fourth amended complaint (the first cause of action) and the seventh through tenth causes of action in the second amended complaint (seventh through tenth causes of action) were discharged by the Release.  In minor's view, her Release did not encompass these claims, which sought redress for defendants' conduct that predated the events at issue in the Release.

## 1.    Legal Authority

"A release is an instrument by which the signing party (releasor) relinquishes claims or potential claims against one or more persons (releasees) who might otherwise be subject to liability to him.  The existence of a valid release is a complete defense to a tort action against the releasee." (*Rodriguez v. Oto* (2013) 212 Cal.App.4th 1020, 1026.)  "Contract principles apply when interpreting a release, and 'normally the meaning of contract language, including a release, is a legal question.' [Citation.]  'Where, as here, no conflicting parol evidence is introduced concerning the interpretation of the document, "construction of the instrument is a question of law, and the

---

application of the doctrine." (*Ironridge Global IV, Ltd. v. ScripsAmerica, Inc.* (2015) 238 Cal.App.4th 259, 265.) Defendants assert minor, on numerous occasions, willfully disobeyed the November 17, 2017, order by failing to submit a release of claims.  After balancing the equities, we decline to dismiss the appeal on this ground.

13

appellate court will independently construe the writing.”’” (*Benedek v. PLC Santa Monica* (2002) 104 Cal.App.4th 1351, 1356.)

    2.    <u>Analysis</u>

We conclude that the trial court did not err in dismissing minor's first and tenth causes of action. Minor's first cause of action alleged that the District had breached its duty to protect her against personal injury or death. The fourth amended complaint's only allegations of personal injury to minor allegedly occurred during the April 27, 2012, incident. Minor, in her Release, agreed to release and discharge defendants from liability for "all injuries and harm suffered for" the events on April 27, 2012. Thus, the court, having taken judicial notice of the Release, which served as a complete defense to the first cause of action, did not err in dismissing this cause of action.[7]

We also conclude that the Release served as a complete defense to minor's tenth cause of action for violation of the Ralph Act. "Under the Ralph Act, a plaintiff must establish the defendant threatened or committed violent acts against the plaintiff or their property, and a motivating reason for doing so was a prohibited discriminatory motive, or that the defendant aided, incited, or conspired in the denial of a protected right."

---

[7] The entire basis for minor's challenge to the trial court's striking of her expert witness's testimony is linked to her argument that the court erred in dismissing her first cause of action. Because we find the Release bars litigation of the first cause of action, we need not further discuss minor's arguments concerning the court's ruling on the expert witness.

14

(*Gabrielle A. v. County of Orange* (2017) 10 Cal.App.5th 1268, 1291.)  Here, the only threatened or committed acts of violence alleged by minor were the slaps that occurred during the April 27, 2012, incident.  Minor, however, released her claims for this conduct and the court therefore correctly dismissed the cause of action.

As to plaintiff's seventh, eighth, and ninth causes of action, we will assume for purposes of this appeal that the trial court erred in concluding that the Release operated as a bar to these causes of action.  Nonetheless, even assuming the court's reasoning was incorrect, we conclude below that the court did not err in dismissing these remaining causes of action on demurrer. (*Young v. Fish and Game Com.* (2018) 24 Cal.App.5th 1178, 1192–1193 ["it is a settled appellate principle that if a judgment is correct on any theory, the appellate court will affirm it regardless of the trial court's reasoning"].)

B.    *Review of Demurrer*

1.    <u>Legal Principles</u>

"In reviewing the sufficiency of a complaint against a general demurrer, we are guided by long-settled rules.  'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.]  We also consider matters which may be judicially noticed.' (*Serrano v. Priest* (1971) 5 Cal.3d 584, 591 . . . .) Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context.  (*Speegle v. Board of Fire Underwriters* (1946) 29 Cal.2d 34, 42 . . . .)  When a

demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. (See *Hill v. Miller* (1966) 64 Cal.2d 757, 759 . . . .) And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. (*Kilgore v. Younger* (1982) 30 Cal.3d 770, 781 . . . ; *Cooper v. Leslie Salt Co.* (1969) 70 Cal.2d 627, 636 . . . .) The burden of proving such reasonable possibility is squarely on the plaintiff. (*Cooper v. Leslie Salt Co., supra*, [70 Cal.2d] at p. 636.)" (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

### 2. <u>Analysis</u>

#### a. Seventh Cause of Action

Minor's seventh cause of action alleged a violation of Education Code section 220, harassment in an educational institution. In order to prevail on such a claim, "a plaintiff must show: (1) he or she suffered 'severe, pervasive and offensive['] harassment that effectively deprived plaintiff of the right of equal access to educational benefits and opportunities; (2) the school district had 'actual knowledge' of that harassment; and (3) the school district acted with 'deliberate indifference' in the face of such knowledge. (*Donovan v. Poway Unified School Dist.* (2008) 167 Cal.App.4th 567, 579.)

Here, minor alleged that she "was subjected to harassment at the school by . . . DE MESA because of her disability and medical condition, as described more fully above." But the only

16

"harassment" to which the second amended complaint referred was De Mesa's reporting of mother to child protective services as retaliation for mother's complaints. Mother does not allege how she knew that De Mesa filed such a report. In any event, any such harassment would have been suffered by mother, not minor. Further, even if we were to assume that minor's allegation that the school considered her a "problem" was sufficient to allege harassment, minor alleged that it was mother, not minor, to whom "it seemed" defendants considered minor a problem. And, as we discussed, mother does not assert any error on her own behalf on appeal. Finally, minor did not allege that defendants' harassment of mother was so severe that it deprived minor of equal access to educational benefits. Indeed, there is no allegation that minor was unable to access her educational benefits before the April 27, 2012, incident, which was the subject of the Release. Thus, minor's seventh cause of action fails for insufficiently stating a claim for relief.

### b. Eighth Cause of Action

In her eighth cause of action, minor alleged a violation of her federal civil rights. "[Title 42 United States Code] [s]ection 1983 can . . . be used to enforce federal statutes. [Citation.] For a statutory provision to be privately enforceable, . . . it must create an individual right." (*Henry A. v. Willden* (9th Cir. 2012) 678 F.3d 991, 1005.) Minor alleged that defendants violated her rights under the Individuals with Disabilities Education Act (IDEA; 20 U.S.C. § 1400 et seq.). Specifically, minor alleged that De Mesa, who was acting under color of authority of the District, violated minor's "right to access to educational services, ensured

to children with disabilities by the federal [IDEA]. [¶] [Minor] was harmed by the battery, intentional infliction of emotional distress and harassment alleged more fully above, and that conduct was a substantial factor in causing [minor's] harm." Minor, however, settled her claims for battery; does not raise any argument on appeal regarding an intentional infliction of emotional harm; and, as we discuss above, did not allege that De Mesa harassed her.

Moreover, minor did not sufficiently allege that she was denied a right to educational services. The IDEA provides individuals with a disability the right to "'a free appropriate public education'" that includes "'related services'" designed to meet their needs. (*Los Angeles Unified School Dist. v. Garcia* (2013) 58 Cal.4th 175, 183.) "'Related services' include social work services, counseling services, rehabilitation counseling, and medical services as may be required to assist a child with a disability to benefit from special education." (*California School Bds. Assn. v. Brown* (2011) 192 Cal.App.4th 1507, 1514.) Minor did not allege that she was denied an education. And, the only "related services" minor alleged being denied were the medical services she was denied during the April 27, 2012, incident. But, as we discuss above, minor released her ability to recover for any injuries sustained on that date. Minor's eighth cause of action fails for insufficiently stating a claim for relief.

c.     Ninth Cause of Action

Minor's ninth cause of action alleged a violation of the Unruh Act, which proscribes discrimination by business establishments based on protected status, including disability

18

and medical condition.  (See Civ. Code, § 51, subd. (b); *Koebke v. Bernardo Heights Country Club* (2005) 36 Cal.4th 824, 839.)[8]

Minor alleged:  "Defendants denied [minor] full and equal advantages/facilities/privileges/services because of her disability/medical condition, as alleged more fully above.  [¶]  . . . The motivating reason for defendants' conduct was their/its perception of [minor's] medical condition/seizure disorder as making her a difficult or problematic student and [minor's] medical condition/seizure disorder was a motivating reason for defendants' conduct, as alleged more fully above.  [¶]  [Minor] was harmed and defendants' conduct was a substantial factor in causing [minor's] harm in an amount according to proof at trial. [¶]  [The District] is vicariously liable for the acts and omissions of its employees and authorized agents . . . ."

Here, the only incident of unequal treatment alleged in the second amended complaint occurred during the April 27, 2012, incident and liability for any injury from that incident was barred by the Release.  The trial court therefore did not err by sustaining the demurrer to this cause of action.[9]

---

[8]    Our Supreme Court is currently reviewing whether a public school district is a "business establishment" for purposes of the Unruh Act.  (See *Brennon B. v. Superior Court* (2020) 57 Cal.App.5th 367, 369, review granted Feb. 24, 2021, S266254.) For purposes of this appeal, we assume without deciding that a public school district is a business establishment.

[9]    On appeal, minor asserts that the court should have granted leave to amend.  But neither of the two brief paragraphs she devotes to this argument explains how minor could amend her complaint to state viable claims.  Thus, she has waived that

19

## IV.  DISPOSITION

The order of dismissal is affirmed.  Defendants the Los Angeles Unified School District and Maria De Mesa are entitled to costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


KIM, J.


We concur:


BAKER, Acting P. J.


MOOR, J.

---

issue on appeal.  (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956.)