Filed 9/30/22 Gentry v. Ocwen Financial Corp. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| CONSTANCE GENTRY, | B308640 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 19AVCV00538) |
| v. | |
| OCWEN FINANCIAL CORPORATION et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Brian C. Yep, Judge. Affirmed.

Constance Gentry, self-represented litigant, for Plaintiff and Appellant.

Locke Lord, Regina J. McClendon and Meagan S. Tom, for Defendants and Respondents.

# I. INTRODUCTION

Plaintiff Constance Gentry appeals from a judgment of dismissal entered after an order sustaining a demurrer in favor of defendants Ocwen Financial Corporation, Ocwen Loan Servicing, LLC, and Deutsche Bank National Trust Company, as trustee for the Securitized Asset Backed Receivables LLC Trust 2006-WM4 (Ocwen defendants).[1]  We affirm.

---

[1]  Plaintiff's notice of appeal states that she appeals from the judgment entered on "8/21/2020," that is, the judgment entered in favor of Ocwen defendants as to the first loan and deed of trust. (See *K.J. v. Los Angeles Unified School Dist.* (2020) 8 Cal.5th 875, 883 [order sustaining demurrer is interlocutory and not appealable, and appeal must be taken from subsequently entered judgment].)  Plaintiff did not file a notice of appeal from the November 16, 2020, judgment entered in favor of defendants Franklin Management Corporation and Deutsche Bank National Trust Company as certificate trustee on behalf of Bosco Credit II Series 2010-1 (Franklin defendants).  ""[W]here several judgments and/or orders occurring close in time are separately appealable (e.g., judgment and order awarding attorney fees), each appealable judgment and order must be expressly specified—in either a single notice of appeal or multiple notices of appeal—in order to be reviewable on appeal." [Citations.]  The policy of liberally construing a notice of appeal in favor of its sufficiency [citation] does not apply if the notice is so specific it cannot be read as reaching a judgment or order not mentioned at all." (*Filbin v. Fitzgerald* (2012) 211 Cal.App.4th 154, 173.)  Accordingly, we will disregard plaintiff's arguments concerning Franklin defendants and the Franklin defendants' respondent's brief.

2

## II.  BACKGROUND

A.  *Factual Background*[2]

On August 17, 2006, plaintiff obtained a $400,000 loan from WMC Mortgage Corporation.[3]  The loan was memorialized by a first deed of trust (Deed of Trust) secured by plaintiff's home in Lancaster (the Property).  The Deed of Trust named Mortgage Electronic Registration Systems, Inc. (MERS) as the beneficiary.

On January 9, 2015, Ocwen Loan Servicing, LLC[4] recorded a Corporate Assignment Deed of Trust, which memorialized MERS's transfer of its beneficial interest under the Deed of Trust to Deutsche Bank National Trust Company (Deutsche), as Trustee for Securitized Backed Receivables LLC Trust 2006-WM4 (2006-WM4 Trust), with Ocwen Loan Servicing, LLC serving as the loan servicing company.

On March 1, 2016, plaintiff and Deutsche entered into a loan modification agreement (Agreement), pursuant to which

---

[2]  "In this appeal following the sustaining of a demurrer, we assume the truth of the properly pleaded factual allegations, facts that reasonably can be inferred from those expressly pleaded and matters of which judicial notice has been taken." (*Fierro v. Landry's Restaurant, Inc.* (2019) 32 Cal.App.5th 276, 281.)

[3]  That same day, plaintiff entered into a second loan with WMC Mortgage Corporation for $100,000, which was memorialized by a second deed of trust.

[4]  Ocwen Loan Servicing, LLC is a subsidiary company of Ocwen Financial Corporation.

Deutsche forgave a portion of the loan and plaintiff agreed to make monthly payments of $2,090.50, comprised of $1,599.90 in principal and interest and $490.60 in tax and insurance. Plaintiff also agreed that the escrow payment would be adjusted periodically in accordance with applicable law; and that if she failed to obtain insurance and Ocwen obtained the insurance in her place, there could be an increase in the escrow portion of the total monthly payment.

In May 2016, Ocwen defendants billed plaintiff amounts that exceeded $2,090.50.

Plaintiff remained "current in her payments" on the loan.

B.    *Second Amended Complaint*

Plaintiff filed her initial complaint on July 22, 2019. Following various demurrers and amendments, she filed the operative second amended complaint on March 2, 2020. As to Ocwen defendants, plaintiff alleged causes of action for breach of contract, fraud, quiet title, and slander of title.[5]

C.    *Demurrer*

On April 2, 2020, Ocwen defendants filed their demurrers to the second amended complaint, arguing, among other things, that plaintiff failed to state facts sufficient to constitute the alleged causes of action. (Code Civ. Proc., § 430.10, subd. (e).) Plaintiff opposed the demurrer.

---

[5]    Plaintiff's second cause of action was against Franklin defendants for breach of contract pertaining to the second deed of trust.

4

On August 6, 2020, the trial court sustained Ocwen defendants' demurrers without leave to amend. On August 21, 2020, the trial court entered judgment in favor of Ocwen defendants. Plaintiff timely appealed from the judgment.

## III. DISCUSSION

### A. *Legal Standard*

"In reviewing the sufficiency of a complaint against a general demurrer, we are guided by long-settled rules. 'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.' (*Serrano v. Priest* (1971) 5 Cal.3d 584, 591 . . . .) Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. (*Speegle v. Board of Fire Underwriters* (1946) 29 Cal.2d 34, 42 . . . .) When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. (See *Hill v. Miller* (1966) 64 Cal.2d 757, 759 . . . .) And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. (*Kilgore v. Younger* (1982) 30 Cal.3d 770, 781 . . . ; *Cooper v. Leslie Salt Co.* (1969) 70 Cal.2d 627, 636 . . . .) The burden of proving such reasonable possibility is squarely on the plaintiff. (*Cooper v. Leslie Salt Co., supra,* [70 Cal.2d] at p. 636.)" (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 (*Blank*).)

B.    *Analysis*

    1.    Breach of Contract

    "[T]he elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff."  (*Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 821.)

    In her breach of contract cause of action, plaintiff alleged that Ocwen defendants breached the Deed of Trust and Agreement by:  concealing and imposing charges that were not owed; failing to provide prior notice before imposing additional charges and fees; adding the cost of lender-imposed insurance to monthly payments; collecting on amounts that "the Lender waived"; and concealing the identity of "the real lender."[6]

    Plaintiff alleged that Ocwen defendants breached the Deed of Trust and Agreement by billing her for insurance and, presumably, thereby collecting on "waived" amounts.  Plaintiff

---

[6]    Plaintiff alleged Ocwen defendants violated a "pooling and servicing agreement" but failed to allege how any such violation breached the Deed of Trust and Agreement.

    Plaintiff also alleged that Ocwen defendants engaged in "breaches" by securitizing the loan into a "closed trust" and thereby voiding the Deed of Trust.  Plaintiff's allegation that the Deed of Trust was void did not satisfy her obligation to plead the elements of a breach of contract cause of action, which requires the existence of a contract.  (See *Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919, 929 ["'A void contract is without legal effect.  (Rest.2d Contracts, § 7, com. a . . . .)  'It binds no one and is a mere nullity.'  [Citation.]"].)

6

ignores, however, that the Agreement, which modified the Deed of Trust, expressly provided that "[t]he escrow payment amount may be adjusted periodically in accordance with applicable law due to changes in property taxes, insurance amounts or other escrow expenses and therefore the total monthly payment may change accordingly." Moreover, the Agreement permitted Ocwen defendants to increase the escrow portion of the monthly payment for "force place insurance" in the event plaintiff failed to obtain insurance. Thus, to the extent plaintiff alleges the additional charges on the escrow payments were in breach of the Deed of Trust or the Agreement, she has failed to allege sufficient facts to plead a claim for breach of contract.

As to her allegation that Ocwen defendants breached their agreements with plaintiff by failing to provide notice or disclosing the identity of "the real lender," plaintiff failed to identify which provisions of the Deed of Trust required such notice or disclosure. Nor did she allege how Ocwen defendants breached such provisions. Although plaintiff alleged that the "real lender" was paid in full by third parties, as we discuss further below in connection with the quiet title cause of action, we do not accept this conclusory allegation as true. (*Mathews v. Becerra* (2019) 8 Cal.5th 756, 768.) The trial court therefore properly sustained the demurrer to this cause of action.

2.   <u>Fraud</u>

To prevail on a fraud cause of action, plaintiff must demonstrate: "''(1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable

7

reliance; and (5) resulting damage.""" (*Behnke v. State Farm General Ins. Co.* (2011) 196 Cal.App.4th 1443, 1452–1453.) "'In California, fraud must be pled specifically; general and conclusory allegations do not suffice. [Citations.] "Thus '"the policy of liberal construction of the pleadings . . . will not ordinarily be invoked to sustain a pleading defective in any material respect."' [Citation.] [¶] This particularity requirement necessitates pleading *facts* which 'show how, when, where, to whom, and by what means the representations were tendered."" [Citation.] In addition, a plaintiff is held to a higher standard in asserting a fraud claim against a corporate defendant. 'In such a case, the plaintiff must "allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written."" (*Tenet Healthsystem Desert, Inc. v. Blue Cross of California* (2016) 245 Cal.App.4th 821, 837–838; see *Robinson Helicopter Co., Inc. v. Dana Corp.* (2004) 34 Cal.4th 979, 993.)

In her third cause of action, plaintiff alleged that Ocwen defendants engaged in fraud by "ma[king] affirmative representations in their terms of the deed of trust that they would comply with all laws governing the collection and servicing of [p]laintiff's mortgage . . . so that she . . . would not suffer financial or emotional distress or other harm and could keep [her] home and make affordable payments toward[s] the same . . . ." Plaintiff, however, has not identified where in the Deed of Trust Ocwen defendants made this purported representation and our review of that document reveals no such representation. Further, plaintiff did not allege who made the representations upon which she relied, when those representations were made, what was

8

said, or how it was said.  Thus, she has failed to allege her fraud claim with sufficient specificity.[7]

### 3.    Quiet Title

"A quiet title action is a statutory action that seeks to declare the rights of the parties in realty.  [Citations.]  ""The object of the action is to finally settle and determine, as between the parties, all conflicting claims to the property in controversy, and to decree to each such interest or estate therein as he may be entitled to.""  [Citation.]  The purpose of a quiet title action is to determine any adverse claim to the property that the defendant may assert, and to declare and define any interest held by the defendant, "'so that the plaintiff may have a decree finally adjudicating the extent of his own interest in the property in

---

[7]    For the fraud cause of action, plaintiff also alleged, in a conclusory manner, that Ocwen defendants committed elder abuse.  The Elder Abuse and Dependent Adult Civil Protection Act (Welf. & Inst. Code, § 15600, et seq.) provides for enhanced remedies for abuse, including financial abuse, of any California resident 65 years old or older.  (See *Bounds v. Superior Court* (2014) 229 Cal.App.4th 468, 478.)  "The Act broadly defines financial abuse as occurring 'when a person or entity . . . [¶] . . . [*t*]*akes*, secretes, appropriates, obtains, or retains real or personal property of an elder . . . for a wrongful use or with intent to defraud, or both' ([Welf. & Inst. Code,] § 15610.30, subd. (a)(1), italics added) or 'by undue influence.' ([*Id*.,] § 15610.30, subd. (a)(3))."  (*Bounds v. Superior Court*, *supra*, 229 Cal.App.4th at p. 478.)  Because plaintiff failed to allege facts indicating that a wrongful taking occurred or that Ocwen defendants acted with an intent to defraud, her allegation of elder abuse fails.

controversy.""" (*Robin v. Crowell* (2020) 55 Cal.App.5th 727, 740; Code Civ. Proc., § 760.020.)

In her quiet title cause of action, plaintiff sought a declaration that the Deed of Trust was no longer valid and plaintiff was the fee simple owner of the property. Specifically, plaintiff alleged that the Deed of Trust was void because the loan was assigned after the 2006-WM4 Trust closed. In plaintiff's view, she therefore is no longer required to pay any mortgage. "A borrower may not, however, quiet title against a secured lender without first paying the outstanding debt on which the mortgage or deed of trust is based." (*Lueras v. BAC Home Loans Servicing, LP* (2013) 221 Cal.App.4th 49, 86.) Here, plaintiff makes a conclusory allegation that the "Lender" was fully paid on the mortgage because of a lawsuit brought by the Federal Housing Financing Agency against "Defendants" in a federal district court in New York, which resulted in "Defendants" receiving over $9 million. Plaintiff does not explain how the recovery in that lawsuit rendered her mortgage fully paid. Thus, this conclusory allegation is insufficient to support plaintiff's quiet claim cause of action. (See *Gutierrez v. Carmax Auto Superstores California* (2018) 19 Cal.App.5th 1234, 1242 ["The pleader's contentions or conclusions of law are not controlling because appellate courts must independently decide questions of law without deference to the legal conclusions of the pleader or the trial court"].)

Plaintiff's cause of action also fails because a borrower lacks standing to preemptively challenge alleged defects in the MERS assignment on a deed of trust. (*Saterbak v. JPMorgan Chase Bank, N.A.* (2016) 245 Cal.App.4th 808, 814.)[8] The trial

---

[8] Plaintiff's citation to *Glaski v. Bank of America* (2013) 218 Cal.App.4th 1079 (*Glaski*) is unavailing. *Glaski* concerned a

10

court did not err by sustaining the demurrer to plaintiff's quiet title cause of action.

### 4. Slander of Title

"To establish slander of title, a plaintiff must show: '(1) a publication, (2) which is without privilege or justification, (3) which is false, and (4) which causes direct and immediate pecuniary loss.'" (*Klem v. Access Inc. Co.* (2017) 17 Cal.App.5th 595, 612.)

In her second amended complaint, plaintiff alleged that Franklin defendants, not Ocwen defendants, published a document that slandered her title to the Property. Accordingly, the trial court did not err by sustaining the demurrer to the slander of title cause of action as to Ocwen defendants.

### 5. Remaining Causes of Action

Plaintiff raises several arguments in support of causes of action alleged in her first amended complaint to which defendants successfully demurred and which plaintiff did not re-allege in the second amended complaint. Plaintiff, however, failed to include any of the following in the record on appeal: the first amended complaint, defendants' demurrer to the first amended complaint, plaintiff's opposition, defendants' reply, and the order sustaining the demurrer. "[I]t is a fundamental principle of appellate procedure that a trial court judgment is

---

wrongful foreclosure (*Glaski, supra,* 218 Cal.App.4th at p. 1097), and plaintiff does not allege Ocwen defendants attempted to foreclose on the Property.

11

ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment. [Citations.] . . . "'A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed.'" [Citation.] 'Consequently, [the appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].'" (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) Because plaintiff has provided an inadequate record on appeal, we affirm the trial court's rulings as to the causes of action in the first amended complaint which were not re-alleged in the second amended complaint.[9]

---

[9] Plaintiff also makes certain arguments concerning Ocwen defendants' motions to strike portions of the second amended complaint. No such motions, however, are included in the record on appeal, and the court apparently found that, in light of its sustaining of the demurrers, the motions to strike were moot. Plaintiff has raised no argument on appeal as to why the motions to strike were not moot and has failed to provide an adequate record for us to review the court's ruling. We therefore decline to consider the merits of plaintiffs' arguments concerning the motions to strike.

6. <u>Leave to Amend</u>

Although plaintiff recites that leave to amend should be "freely given" (emphasis omitted), she does not articulate how she can amend the second amended complaint to survive demurrer. She has thus failed to meet her burden on appeal to demonstrate that the trial court erred in denying her leave to amend. (*Blank, supra*, 39 Cal.3d at p. 318.)

## IV.  DISPOSITION

The judgment after an order sustaining a demurrer without leave to amend is affirmed.  Ocwen defendants are entitled to costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


KIM, J.


We concur:


BAKER, Acting P. J.


MOOR, J.